Bosworth, J.
(All the judges having been consulted, and *631 assenting to the decision made.) Is the amended complaint irregular, solely on. the ground that it was not served in time ? A complaint may be once amended, by the party of course, at any time before the period for answering it expires (Code, § 112), or at any time within twenty days after the service of an answer or demurrer.
The time for answering the complaint has not expired. The defendant is entitled to twenty days in which to answer it after it shall have been made more definite and certain, as directed by the order of the 26th of June.
That order does not preclude the plaintiff from making an amendment in other respects than those specified in it. Within the time allowed by the practice of the court to comply with the order, the plaintiffs, in addition to obeying the order, might amend the complaint as to any other matters, if the amendments were such as are allowable on amending, as a matter of course. Twenty days is the period fixed by rule 35 (38 of former rules), for performing the directions contained in the order. It was not obeyed within that time. Still the plaintiffs were bound to obey it, and obedience to it could have been compelled. (Code, § 132.)
Can it justly be said, that after the twenty days expired, the plaintiffs had no right to otherwise amend, than as prescribed by the order ? Unless this question must be answered affirmatively, then it was their privilege to make any proper amendments in addition to those required by the order.
On serving an amended complaint, complying with the order, the defendant would have twenty days to answer it, and within that time, the plaintiffs could amend, as a matter of course, unless the right to do so, was taken away by their having amended once in obedience to an order of the court. I am iaclined to think that having amended once, although by order of the court, they could not amend again as a mattér of course, and that it would be necessary for them in thus amending, to make all desired amendments, and that on failing to do so, they could not amend again except by leave of the court, under § 173.
If this view be correct, then the question recurs, can they amend as a matter of course, after twenty days from the service *632 of an order requiring amendments of a particular character, otherwise than as the order directs ? Ho objection is perceived to such a practice. I think it may fairly be said, that the time to answer the complaint does not expire until twenty days after an amended complaint shall be sérved. The plaintiff may amend in any proper manner, but in amending, he must comply with the directions of the order.
Can an amendment of the nature of the one made in this case, be made as a matter of course % If the plaintiffs had amended, under an order granted by the court, upon application made after the time to amend as of course had expired, the court might have allowed the plaintiffs to insert “ other allegations material to the case.” (Code, § 173, as last amended.)
I perceive no good reason why, on amending as a matter of course, the party may not make amendments of the same character.
The plaintiffs seek to recover for breaches of a contract set out in the original complaint.
In the amended complaint they claim to recover for the same breaches of an alleged contract of the saíne terms. But the amended complaint shows a written agreement signed by the parties, omitting some of the provisions of the contract as it is alleged to have been in fact made, and avers that the plaintiffs were induced to sign it, by the fraud of the defendant, and therefore claim the right to show the fraud, and that the contract was as it is averred to have been, and on proving this and the fraud, to recover for the breaches of the contract, as it is stated in both complaints to have been in fact made. These allegations are certainly material to the plaintiff’s case. And if proof of the fraud will entitle them to show what the contract really was, and that it was as it is alleged to have been, then the amendment should be allowed.
The cause of action is substantially the making of such a contract as is set up, and the breaches of it alleged in the original and amended complaint. There is in reality, but one controversy, which it is desirable should be settled in a single action, and it cannot be necessary, before relief in form can be asked, to coerce a prior and independent suit to reform the written contract. "Unless the fraud be proved, so that the written agreement ceases to be *633 a barrier to proof of the contract, as it is averred to have been, the plaintiffs will fail in their action. Whether the matters alleged, properly constitute a single cause of action, or substantially separate causes of action, yet they all arise out of the same transaction, or transactions connected with the same subject of action. Such causes of action, where several exist, although, as in the present case, one may be legal and another equitable, may now be united in the same complaint. (Code, § 167, sub. 1, as last amended.)
I am of the opinion, that the nature of the new matter inserted is not such as to make the amended complaint irregular, for that cause. The motion must therefore be denied, but without prejudice to the plaintiff’s right to move to strike out as irrelevant or redundant, any of the matter stricken from the original complaint, and re-inserted in the amended one.