NEW-YORK PRACTICE REPORTS. 495

White agt. The Mayor, Aldermen, &c., of New-York.

## SUPERIOR COURT.

### DAVID L. WHITE agt. THE MAYOR, ALDERMEN, &c., of NEW-YORK.

Under § 172 of the Code, a plaintiff cannot amend his complaint more than once, as a matter of course, without leave of the court.

If he amends it before answer or demurrer, his right to amend of course is exhausted, and if his amended complaint shall be demurred to, he cannot amend it a second time without leave of the court.

*New-York Special Term, October 23d,* 1857.

THE plaintiff, before the time to answer expired, served an amended complaint. To that the defendant demurred. The plaintiff, within twenty days thereafter, again amended his complaint, and the defendant returned the copy served, on the ground that the plaintiff having amended once, could not amend a second time, without leave of the court. The question now presented is simply this: was the second amendment of the complaint regular?

M. V. B. WILCOXSON, *for plaintiff.*
A. R. LAWRENCE. JR., *for defendant.*

BOSWORTH, Justice. Can a plaintiff amend his complaint more than *once, of. course,* and without leave of the court?

Section 172 of the Code declares that he may do it *once.* The plaintiff insists he may do it *twice.* Once, before demurrer or answer, and again after demurrer or answer. To sustain this construction, the court must legislate, and strike out the word " *or,*" and substitute for it the word " *and.*"

The meaning of § 172 is this : the plaintiff may amend once, of course. It is at his election to so amend, either before *or* after an answer or demurrer. If he amends before answer or demurrer, he has exercised his election, and exhausted his right. If he deems it important to amend a second time, he must apply to the court.

The rules of the old supreme court and of the court of chancery on this subject were not precisely alike.

Rule 23 of the supreme court, adopted in 1845, enumerated the cases in which a party might amend of course, and declared that "the respective parties may amend under this rule, of course, and without costs, but shall not be entitled so to amend more than once."

Rule 22, of the *Rules at Law,* established in July, 1847, under the judiciary act, and the present constitution, like rule 23 of the old supreme court, was peremptory that the parties should not be entitled to amend under it " more than once."

The 43d rule of the court of chancery, adopted in 1830, provided that an unverified complaint might be amended at any time before plea, answer, or demurrer, of course, and without costs, *and also* after answer, at any time before replying, or before the time to reply had expired, if a new or further answer was not made necessary by the second amendment; but if one was made necessary, then on payment of costs to be taxed.

The 43d of the rules which took effect on the 15th of December, 1837, was the same as to unsworn bills. The latter also allowed sworn bills to be amended of course, in certain enumerated particulars.

Rule 43 of the rules which took effect on the 1st of April,

1844, was substantially the same as the corresponding rule of 1837.

·Rule 34 of the equity rules, established in July, 1847, under ·the* present constitution and the judiciary act, did not differ materially from rule 43 of the late court of chancery as adopted.

By rule 44 of the rules of the court of chancery, if the defendant *demurred* to the bill for want of parties, or for any other defect which did not go to the equity of the whole bill, the complainant might amend of course, *on payment of costs*, at any time before the demurrer was noticed for argument, or within ten days after receiving a copy of the demurrer, and in all cases of demurrer to the bill for other causes, the complainant's right to amend, and the terms on which amendments might be permitted, were declared to be in the discretion of the court.

Such was the established practice of the two courts, up to the time they ceased to exist, and that practice was preserved until a uniform course of proceeding for all actions was prescribed by the Code. That enacted a system of practice to be pursued, as well in enforcing equitable as legal rights. Section 124 of the Code of 1848, declares that "after a *demurrer*, the *plaintiff* may amend, of course, and without costs, within twenty days." And § 148 of the Code, as then enacted, provided that "any pleading may be amended by the party of course, without costs, and without prejudice to the proceedings already had, at any time before the period for answering it shall expire." Under the Code as it then stood, it may be that a plaintiff, in a case like the present, could amend a second time after a demurrer to his amended complaint. But it is unnecessary to decide that question.

The Code was amended in 1849. By § 172, "any pleading may be *once* amended by the party of course, without costs, and without prejudice to the proceedings already had, at any time before the period for answering it shall expire, *or* within twenty days after the answer to such pleading shall be served." In 1851 section 172 was again amended, and enacted as it now

reads. That does not authorize any pleading to be amended more than once, without costs, as a matter of course.

*Cooper* agt. *Jones*, (4 *Sand. S. C. R.* 699,) and *Jeroliman* agt. *Cohen*, (1 *Duer*, 630,) decide nothing in conflict with the view here taken, and if the opinions in those cases are read as expressing the views of the court upon the particular facts of the cases themselves, and upon those facts only, nothing can be found in them, authorizing a different construction of §172, from that now given to it.

I think the second amendment of the complaint in this action was unauthorized and irregular, and if the plaintiff deems it important to amend a second time, he must apply to the court for liberty so to amend.