## ROSS *a.* DINSMORE.

*Supreme Court, First District; Special Term, December,* 1860.

*Again, Special Term, January,* 1861.

### PLEADING.—AMENDMENT.

The power to amend a pleading of course after the adverse party has answered it, is a valuable right which should not be cut off by mere implication.

A motion by the defendant to strike out certain portions of the plaintiff's com-

plaint, as irrelevant and redundant, was granted, with leave also to the plaintiff "to amend his summons and complaint as he should be advised." The plaintiff thereupon amended his summons in pursuance of such leave, and at the same time gave notice of his election not to amend his complaint under the leave given. The defendants thereupon answered the complaint; and within twenty days after receiving such answer, the plaintiff served an amended complaint.

*Held*, that the plaintiff was entitled to amend the complaint again of course, after defendants had thus answered.

Leave to amend, given by the court, should be deemed leave to amend in the present stage of the action, and does not preclude a right to amend of course, which may arise in a future stage of the action.

I. *December*, 1860.—Motions by defendants to set aside amended complaints as irregular, on the ground that they were served without leave of the court.

The facts are stated in the opinion.

*William Cutting* and *John E. Burrill*, for the motion.

*John Livingston* and *Lucien Birdseye*, opposed.

Hogeboom, J.—Section 172 of the Code gives to a party the right to amend any pleading, once, as a matter of course, either before or after a reply to it shall have been made. This right is a statutory one, and is absolute and unqualified, with the single restriction that it shall not be exercised for purposes of delay.

In this case the plaintiff having served his complaint, the defendants moved to strike out portions thereof as irrelevant and redundant. This motion was granted. This cannot be considered an amendment within the meaning of this section. It was the act of the court, and not the act of the party. It was against his consent, for it was resisted by him. It was not even essential that the expurgated pleading should be served, for the order of the court would necessarily define what portions of the pleading were struck out. It did not, therefore, curtail the plaintiff's right of amendment. (Cooper *a.* Jones, 4 *Sandf.*, 699; Jeroldman *a.* Cohen, 1 *Duer*, 62.); White *a.* Mayor of New York, 14 *How. Pr.*, 495.)

But a clause was inserted in the order, giving to the plaintiff

the right to amend the summons and complaint as he should be advised. The plaintiff's papers show that this was not done at his instance, and was even done without his consent. So far, therefore, he had done nothing to abridge his right to amend.

But he availed himself in part of the permission to amend, granted by the order. He amended the summons, and this, it is claimed, was an exercise of the right of amendment which, although limited in its practical exercise to the summons, must be deemed also to extend to the complaint, as it was founded upon the leave thus granted by the court, was to be exerted at one and the same time, and should be regarded as one and indivisible.

But I think it is susceptible of a different construction, and should be so construed in furtherance of the statutory authority to amend, conferred by the section in question. The plaintiff was not obliged to rely upon the permission of the court for his right to amend the complaint. He had it independent of the order of the court; and the summons and complaint were, in their nature separable. One was process, or in the nature of process. The other was a pleading, and he did not in point of fact amend the pleading.

But having availed himself of the privilege granted by the court, he served an amended summons, and simultaneously therewith a notice that he elected not to amend the complaint under the leave given by the order in question. And this it is claimed was a waiver or abandonment of the right to amend, and a conclusive election to stand by the complaint in its then shape and form. And so I was at first disposed to consider it. But upon further reflection, I think it should be regarded only as a waiver of the right to amend in that stage of the action. It was probably designed to set in motion the time within which the defendants were to answer the complaint. And it may have been designed as a notice to the adverse party that the plaintiff's amendment of the summons should not be deemed an amendment of the complaint, nor as exhausting his statutory right to one amendment of a pleading as a matter of course.

Nor is it quite clear that even if designed as an absolute waiver of the right of amendment, it could not be recalled so long as it did not prejudice the adverse party, and was not

Ross *a*. Dinsmore.

made the basis of some action by him in the progress of the cause. The power of amendment of a pleading after the adverse party has answered it, is a valuable right, and should not be cut off by mere implication. It is designed to further justice, by enabling a party to frame his case in the best possible way, which the truth will allow, to meet the objections and defences of his antagonist. In short, to adapt the pleadings to the true and real issue between the parties.

I am of opinion, therefore, that when the defendants served their answer to the plaintiff's complaint, the plaintiff had not foreclosed his right to amend of course, and was regular in subsequently serving an amended complaint.

This being so, the defendants' motion to set aside as irregular, and with costs, must be denied, and with $10 costs.

II. *January*, 1861.—At this term the motion was renewed and reargued before Mr. Justice Sutherland, and again denied, the following opinion being rendered :

SUTHERLAND, J.—This motion must be denied with $10 costs. I make this decision entirely irrespective of the question, whether the clause in the order of Justice Leonard, giving the plaintiff leave to amend, was or was not inserted in those orders at the instance of the plaintiff. Assuming that the clause was so inserted, at the instance of the plaintiff, or with his knowledge and consent, I think the leave so to amend should be considered as leave to amend in the then stage of the action, before answer, and ought not to impair or affect the statutory right to amend at any time, within twenty days after service of the answer.