## SUPREME COURT.

GEORGE Ross agt. WILLIAM B. DINSMORE and others, (and several other actions.)

The fact that *portions* of a complaint are, on motion, *struck out* as irrelevant and redundant, cannot be considered an *amendment* of the complaint within the meaning of § 172 of the Code.   Nor is it necessary that the expurgated complaint should be *served.*

Where in such case, the order of the court gave the plaintiff the right to amend the *summons* and *complaint* as he should be advised, without his solicitation or consent, and subsequently he amended the *summons* under the order, but gave notice at the same time that he elected *not to amend the complaint* under the order,

*Held,* that this notice, if considered as a waiver of the right to amend the complaint in that stage of the action, did not foreclose the plaintiff's right to amend once *of course* upon service of the answer of the defendant.

*New York Special Term, February,* 1861.

MOTION by defendants to set aside amended complaints as irregular, on the ground that they were served without leave of the court.

JOHN E. BURRILL, *for defendants.*
LUCIEN BIRDSEYE, *for plaintiffs.*

HOGEBOOM, Justice.   Section 172 of the Code, gives to a
party the right to amend any pleading once, as a matter of
course, either before or after a reply to it shall have been
made.   This right is a statutory one, and is absolute and
unqualified, with the single restriction that it shall not be
exercised for purposes of delay.

In this case, the plaintiff having served his complaint,
the defendants moved to strike out portions thereof, as
irrelevant and redundant.   This motion was granted.   This
cannot be considered an amendment within the meaning of
this section.   It was the act of the court, and not the act
of the party.   It was against his consent for it was resisted
by him.   It was not even essential that the expurgated
pleading should be served, for the order of the court would
necessarily define what portions of the pleading were struck
out.   It did not therefore curtail the plaintiff's right of
amendment.   (*Cooper* agt. *Jones*, 4 *Sand.*, 699; *Jeroliman*
agt. *Cohen*, 1 *Duer*, 629; *White* agt. *Mayor of New York*,
14 *How.*, 495.)

But a clause was inserted in the order, giving to the
plaintiff the right to amend the summons and complaint as
he should be advised.   The plaintiff's papers show that
this was not done at his instance, and was even done with-
out his consent.   So far, therefore, he had done nothing to
abridge his right to amend.

But he availed himself in part of the permission to amend,
granted by the order.   He amended the summons, and this
it is claimed was an exercise of the right of amendment,
which, although limited in its practical exercise to the sum-
mons, must be deemed also to extend to the complaint, as
it was founded upon the leave thus granted by the court,
was to be exerted at one and the same time, and should be
regarded as one and indivisible.

But I think it is susceptible of a different construction, and should be so construed in furtherance of the statutory authority to amend, conferred by the section in question. The plaintiff was not obliged to rely upon the permission of the court for his right to amend the complaint. He had it independent of the order of the court; and the summons and complaint were in their nature separable. One was process, or in the nature of process; the other was a pleading; and he did not in point of fact amend the pleading.

But having availed himself of the privilege granted by the court, he served an amended summons, and simultaneously therewith, a notice that he elected not to amend the complaint under the leave given by the order in question; and this, it is claimed, was a waiver or abandonment of the right to amend, and a conclusive election to stand by the complaint in its then shape and form. And so I was at first disposed to consider it. But upon further reflection, I think it should be regarded only as a waiver of the right to amend in that stage of the action. It was probably designed to set in motion the time within which the defendants were, to answer the complaint, and it may have been designed as a notice to the adverse party, that the plaintiff's amendment of the summons should not be deemed an amendment of the complaint, nor as exhausting his statutory right to one amendment of a pleading as a matter of course.

Nor is it quite clear, that, even if designed as an absolute waiver of the right of amendment, it could not be revoked, so long as it did not prejudice the adverse party, and was not made the basis of some action by him in the progress of the cause. The power of amendment of a pleading after the adverse party has answered it, is a valuable right, and should not be cut off by mere implication. It is designed to further justice by enabling a party to frame his case in the best possible way, which the truth will allow, to meet the objections and defences of his antag-

onist. In short, to adapt the pleadings to the true and real issue between the parties.

I am of the opinion, therefore, that when the defendants served their answer to the plaintiff's complaint, the plaintiff had not foreclosed his right to amend of course, and was regular in subsequently serving an amended complaint. This being so, the defendant's' motion to set it aside as irregular, and with costs, must be denied with ten dollars costs.