# PRACTICE REPORTS.

————•◆————

## SUPREME COURT.

FREDERICK A. SANDS, Receiver of the Columbian Insurance Company agt. ALVIN CALKINS.

THE SAME agt. CONRAD I. HOUGHTALING AND MAJOR M. BULLOCK.

The plaintiff may, in all cases, demur to an answer containing new matter, where upon its face it does not constitute a counter-claim or defence.

An amended answer takes the place of, and supercedes the original answer, and the plaintiff may demur to any amended answer, which upon its face does not constitute either a counter-claim or defence.

An answer may be once amended by the party of course, but where a demurrer has been interposed to an answer, and the defendant amends of course, to which amended answer the plaintiff also interposes a demurrer, the defendant cannot serve a *second amended answer without leave of the court.*

*Chenango Special Term, February,* 1865.

MOTION to set aside the plaintiff's second demurrers to the defendants' amended answers, as unauthorized and improper, in consequence of the former demurrers to the original answers; and in case the court should deny the motion to set aside said second demurrers, for the reason that demurrers to amended answers were irregular, that then the second demurrers be set aside for the reason that the service of the second amended answers was of course, and allowable under section 172 of the Code, and that the plaintiff insists on proceeding to bring on the argument of the said second demurrers, and if. the said second demurrers shall be set aside for the reason that the said second amended answers were of course, then that the

VOL. XXX.

attorney for the plaintiff be required to receive the amended answers returned by him. The leading facts are referred to in the opinion.

R. E. ANDREWS, *for the defendants.*
HENRY R. MYGATT, *for the plaintiff.*

MASON, J.   The 153d section of the Code provides that the plaintiff may in all cases demur to an answer containing new matter, where upon its face it does not constitute a counter-claim or defence, and that the plaintiff may demur to one or more of such defences or counter-claims, and reply to the residue of the counter-claims. This language is very broad, and allows a demurrer to an answer in all cases, and it has never been doubted by any judge in the state but that it allowed a demurrer to an amended answer. The rule is well settled that the amended pleading takes the place of, and supercedes the original (4 *How. Pr. R.* 174; *Van Santvoord's Pl.* 795), and the amended pleading is the only one before the court (13 *Abb. R.* 92). I entertain no doubt but that the plaintiff under the present system (as he had under the former), has undoubted right to demur to any amended answer, where either a counter-claim or new matter is pleaded, and which upon its face does not constitute either a counter-claim or defence; and so far as I know, or have been able to learn, it has never heretofore been doubted. The only remaining question is, whether when one demurrer has been interposed, and the defendant has availed himself of the right to amend of course, and has served his amended answer, to which plaintiff has interposed a demurrer, he has the right of course to serve a second amended answer without obtaining leave of the court. The defendant in this case, after a demurrer to his original answer, served an amended answer, as he had a right to do, and to which the plaintiff demurred, as he had a right to do, and the defendant thereupon served a second

amended answer, and which was returned to him by the plaintiff, stating as a reason for returning the same, that he had no right under section 172 of the Code to amend his answer but once without first obtaining leave of the court. The plaintiff's attorney then noticed the demurrer for argument, and the defendants' attorney without delay returned to the plaintiff's attorney the amended answer and the notice of trial of the demurrer, claiming and insisting on the regularity of his proceedings, and on his right to serve the second amended answer, and that the plaintiff's notice of trial was irregular. The plaintiff still insists on the regularity of his practice, and of his right to proceed to trial on the demurrer.

The defendant now moves the court at special term to set aside this second demurrer, upon the ground, first: that section 153 of the Code does not allow a second demurrer to the answer to be interposed; and, second: as the defendant served an amended answer after the service of the second demurrer, the plaintiff's demurrer was removed thereby, and it became his duty to answer by some plea the second amended answer; and the defendant also in his notice of motion, asks for an order of the court that the plaintiff be required to receive the second amended answer, and for such further rule or order, as to the court shall seem proper in the premises. It is very clear to my mind that there can be but one amendment of course, under section 172 of the Code, after a demurrer interposed to the answer. The expression in that section " or it can be so amended at any time within twenty days after service of the answer or demurrer," undoubtedly refers to the expression in the first line of the section, to wit: " Any pleading may be once amended by the party of course." This is the construction which this section has invariably received both from the bench and bar, so far as I have been able to learn, and such certainly has been the practice under it in this district, and the reason why no reported

cases are found, I apprehend is, that the bar have univer-
sally aquiesced in this construction, and have claimed the
right to amend but once of course.   It was held in the
case of *White* agt. *The Mayor of New York* (14 *How. Pr.*
497), that section 172 only authorized a pleading to be
once amended of course, and when a pleading had been
once amended before the period for answering it expires,
he cannot amend after demurrer put in to the amended
pleading.   There certainly is more doubt of this than there
is where his first amendment was after demurrer interposed.
I am entirely satisfied that the plaintiff's practice has been
regular, and that the defendant can only be relieved on
terms, and leave is given to the defendants in each of the
above cases, which are precisely alike, to serve amended
answers within twenty days after notice of this order, on
the payment of the costs of the demurrer in each case, to
be adjusted by the clerk of this court in the county where
the venue is laid, to whom such adjustment is referred, and
ten dollars for opposing these motions in each case.

If the defendants do not accept of these terms as above,
then the motions must be regarded as denied, with $10
costs, after the time for amending shall expire.