## JOHN G. HARRIS V. JAMES J. AVERY.

### *Error from Bourbon County.*

1. JOINDER OF CAUSES: ACTION:—A cause of action for false imprisonment may be joined with a cause of action for slander where both arise out of the same transaction.
2. ID.: DEMURRER:—In such a case, where the petition alleges that both causes of action arose out of the same transaction, and where the other facts, stated in the petition, are not inconsistent with such allegation: *Held*, that a demurrer to the petition on the grounds, "That it appears on the face of the petition that several causes of action are improperly joined," should be overruled.*

The facts of the case are stated with sufficient fullness in the opinion.

---

*1. SAME TRANSACTION.—Where a petition shows that the two causes of action, viz: False imprisonment and slander, grew out of the fol.owing circumstances to-wit: That defendant below met plaintiff in the city of Fort Scott, and in the presence of several other persons, called plaintiff a thief; said he had a stolen horse; took the horse from him; kept it four or five days; arrested plaintiff and confined him in the county jail with felons, four or five days   Held, That the petition was not demurrable on the ground of a joinder of improper causes of action.

2.  ID.—Whether the facts alleged constituted more than one cause of action questioned.

3.  COMMON LAW.—The common law rule recited.

4.  CODE RULE.—The code has abolished all common law forms of action, and has established a system for the joinder of causes of actions more in analogy to that of the rules of chancery, the object seeming to be to avoid the multiplicity of suits.

*W. C. Webb,* for plaintiff in error.

*Voss & Danford,* for defendant in error.

*For plaintiff in error,* it was contended:

1. The case turns upon the construction given to § 89, civil code, [*Comp. Laws.*] This section is similar to § 80 of the Ohio code, and to § 167 of the New York code. The section divides causes of action into classes, and provides for uniting several of the same class. It is remarkable that the New York and the Ohio sections are differently punctuated as to give rise to a different construction. *Swan's Pl.,* 28, 30, 31, 34; 1 *Vansantv's Pl.,* 183 et seq.

2. The whole clause in our code is: "The same transaction or transactions connected with the same subject of action." The only necessity for this latter is that in some instances where real property is the "subject of action" it may be necessary to reform deeds, remove clouds on the title and determine both legal and equitable rights arising out of different transactions or "affairs," to use the term of Nash. [*Nash's Pl.,* 39.] But when a distinct action in the nature of an action at law is brought, which is clearly within either of the classes of causes, it cannot be united with another cause clearly falling within another class. *Smith v. Halleck,* 8 *How. Pr. R.,* 73; *Hulse v. Thompson,* 9 id, 113; *Jerolimon v. Cohen,* 1 *Duer,* 629, 632; *Nash's Pl.,* 37.

3. Malicious prosecution cannot be united with slander—even if the two causes grew out of the same transaction—one being an injury to character, the other to the person; *Nash's Pl.,* 31; 1 *Vansantv's Pl.,* 194. Hence false imprisonment cannot. 1 *Vansantv's Pl.,* 194.

4. That this was the intent in the code of 1859 is evident from the language of the code of 1868. The section now expressly requires in two places that the causes of action shall "all belong to one of those classes." *Gen. Stat.* 645, § 83.

*Voss & Danford,* for defendant in error, submitted an oral argument.

*By the Court,* VALENTINE J.

This action was brought in the court below by Avery, as plaintiff. The petition states two causes of action—false imprisonment and slander—and alleges that both arose out of the same transaction. Harris demurred to this petition, on the ground "that it appears on the face of the petition, that several causes of action are improperly joined." The district court overruled the demurrer, and this ruling is assigned as error.

The petition shows that the two causes of action are founded upon the following facts. Harris met Avery in the city of Fort Scott, and in the presence of several other persons called Avery a thief; said he had a stolen horse; took the horse from Avery, and kept the horse four or five days; arrested Avery and confined him in the county jail with felons four or five days.

We think these facts as detailed in the petition constitute *only one transaction,* [*Brewer v. Temple,* 15 *Howard Pr. R.,* 286;] and whether they constitute more than one cause of action, under our code practice, may be questionable. Under the authority we have referred to they would not. But as we have not been asked to decide the latter question, we will pass it over and treat the case as though the facts stated constitute two causes of action.

Section 89 of the code [*Comp. Laws* 138,] provides "that the plaintiff may unite several causes of action in the same petition, whether they be such as have herto-fore been denominated legal or equitable, or both, when they are included in either one of the following classes : First, *the same transaction* or transactions connected with the same subject of action."

This differs in many respects from the common law rule. At common law "where the same form of action may be adopted for several distinct injuries, the plaintiff may, in general, proceed for all in one action, though the several rights effected were derived from different titles," [1 *Chitty's Pl.*, 201; *Tidd's Pr.*, 11,] and different forms of action may be united "where the same plea may be pleaded and the same judgment given on all the counts of the declaration, or whenever the counts are of the same nature, and the same judgment is to be given on them although the pleas be different." 1 *Chitty's Pl.*, 200.

In the action at bar, if Harris had arrested Avery on a warrant, which Harris had maliciously and without probable cause obtained from a court of competent juris-diction, and had also converted the horse to his own use, then at common law, Avery would have had three dis-tinct causes of action, which he could unite in one suit— first, an action for the false imprisonment or malicious prosecution; second, an action of slander for the words spoken, and third, an action of trover for the conversion of the horse. These may all be united in an action on the case [1 *Chitty's Pl.*, 133, 134, 146 ; 1 *Tidd's Pr.*, 5 ;] tro-ver being a species of case. Avery might, also, at common law, unite with these causes of action as many other causes of action as he might have, for malicious prosecu-tion, slander, trover, criminal conversation, nuisance,

and other causes of action which may be sued in an action on the case, and although they each may have arisen out of a different transaction, and at a different time, and in a different place.

But if Harris arrested Avery without any process—which was the fact in this case—and in an entirely irregular manner, then the two causes of action for false imprisonment and slander could not at common law be united, as the first would have to be sued in an action of trespass and the second in an action on the case, and it would make no difference whether they both arose out of the same transaction or not.

Our code has abolished all the common law forms of action, and has established a system for the joinder of actions,—more philosophical, and complete within itself. It follows the rules of equity more closely than it does those of the common law, one object seeming to be to avoid the multiplicity of suits, and to settle in one action, as equity did, as far as practicable, the whole subject matter of a controversy. Hence the common law on this question is no criterion. It is probably true that the two causes of action for false imprisonment and slander cannot, under our code, be united, unless both arise out of the same transaction, one being an injury to the person and the other being an injury to the character; but we do not know of any reason why they should not be united when both do arise out of the same transaction.

It is claimed by counsel for plaintiff in error that th earlier reports of the New York code are against this view of the case. He refers to 8 Howard's Pr. R., 59, 73; 9 Howard's Pr. R., 113; 1 Duer, 629. We think it questionable whether these cases sustain the counsel's views; but if they do, the later decisions under the same

code are squarely against him. [*See Brewer v. Temple*, 15 *Howard's Pr. R.*, 286; *Robinson v. Flint*, 16 *Howard's Pr. R.*, 240.] In the latter case the court, as we think, expresses the true rule. They say "that the plaintiff may unite, first, as many legal causes of action as he pleases arising out of the same transaction; second, as many equitable causes of action as he pleases arising out of the same transaction; third, as many legal and equitable causes of action as he pleases arising out of the same transaction; fourth, as many causes of action as he pleases arising out of different transactions connected with the subject of the action."

The order of the district court overruling the demurer to the petition is affirmed.

All the justices concurring.