Per Curiam.
The original complaint in this action was served upon defendants’ attorney, "November 9, 1887. One of the original defendants died about January 21,1888, and upon stipulation of defendants’ attorneys an order ■was made bringing in his executors as defendants in his place. On the 28th of February, 1888, defendants’ attorneys made a motion to compel plaintiff to separately state and number the causes of action, and to strike out portions of the complaint, upon which motion an order was made directing that the causes of action should be separately stated and numbered, and the complaint so amended was served March 17, 1888. The plaintiff was, by the order, charged with $10 costs of motion. On April 4, 1888, the defendants’ attorneys served a demurrer to the amended complaint. The plaintiff’s attorney, on the 17th day of April, served upon the defendants’ attorneys a second amended ^complaint, and took an admission of such service from the clerk in the office of defendants’ attorneys, and who was, at the time, in charge of the office. This amended complaint was, on the 19th day of April, 1888, returned by defendants’ attorneys “on the ground that the service of the same is unauthorized and without right, ” and written notice was at the same time given by defendants’ attorneys to plaintiff’s attorney, that the admission of service made by this clerk was not authorized by defendants’ attorneys, and that the fact of such service was unknown to either of the defendants’ attorneys until the-morning of the 19th, and that the member of the firm who had charge of the action had been absent from the city until the evening of the 19th, or the-complaint would have been returned on the 18th, and it is with reference to this amended complaint that the present motion is made. There are authorities in which it is said, or from which it may be inferred, that a party has aright, under section 542 of the Code, to amend a pleading, of course, within 20 days after a demurrer thereto has been served, irrespective of what may have previously occurred in the cause. Cooper v. Jones, 4 Sandf. 699; Jeroliman v. Cohen, 1 Duer, 630; Thompson v. Minford, 11 How. Pr. 273; Ross v. Dinsmore, 12 Abb. Pr. 4, 20 How. Pr. 328. Other cases conflict: White v. Mayor, etc., 6 Duer, 685, 5 Abb. Pr. 322, 14 How. Pr. 495,—in which the above cases from 4 Sandf. and 1 Duer are said to decide nothing in conflict. See, also, Sands v. Calkins, 30 How. Pr. 1. I am not inclined to go through these cases in an effort to reconcile them by an examination of the facts of each, or an analysis of the opinions, to determine what may be decision or what may be obiter, as there is another point in the case sufficient to dispose of the motion. The first amendment of the complaint was not an exercise of the right to amend of course, but was an amendment compelled under an order of the-court granted on a motion made by defendants, which gave plaintiff the right to make that amendment, and directed him to pay $10 costs of the motion. An amendment under that order was not an amendment of course, although there is an intimation in Jeroliman v. Cohen, 1 Duer, 631,the other way; but the portion of the opinion in Ross v. Dinsmore, 12 Abb. Pr. 5, 20 How. Pr. 329, seems to me the correct view. The motion is granted, but as the questions involved are the subject of conflicting opinions, it is without costs.