(52 Misc. Rep. 636)

FREYHAN v. WERTHEIMER et al.

(Supreme Court, Special Term, New York County. February 18, 1907.)

1. PLEADING—AMENDMENT OF COURSE—SECOND AMENDMENT.
    Where, after defendants moved to require the amendment of a complaint, plaintiff filed an amended complaint, and the motion was withdrawn, plaintiff exhausted his right to amend of course.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 597.]

2. STIPULATION—UNAUTHORIZED INTERLINEATION—WAIVER.

> A stipulation was filed in an action reciting that the plaintiff, having served an amended complaint "as of course," defendant's motion to compel an amendment should be withdrawn, but plaintiff's attorney claimed that the words "as of course" had been interlined without consent. *Held* that, though the interlineation may have been so made, plaintiff waived all objection he may have had when the stipulation was retained, after discovery of the interlineation.

Action by John H. Freyhan against Ferdinand Wertheimer and others. Motion to compel defendants to accept service of a second amended complaint. Denied.

Weil, Wolf & Kramer, for the motion.
Henry Waldman, opposed.

GIEGERICH, J. After service of the complaint by mail, the defendants obtained and served an order to show cause returnable on December 24, 1906, to compel the plaintiff to amend his complaint by separately stating and numbering his causes of action. After some communications had passed between the attorneys for the respective parties, they agreed, by stipulation dated December 31st, that such motion might be withdrawn. The copy stipulation attached to the moving papers recites that:

> "The above-named plaintiff having served an amended complaint ·as of course, with the causes of action stated, it is hereby consented by and between.
> * * *"

The plaintiff's attorney claims that, when the defendants' attorneys returned such stipulation, he observed that the words "as of course" were interlined, and that such interlineation was made without his permission or consent. The defendants' attorneys, on the other hand, contend that such words were interlined before the stipulation was signed and delivered to the plaintiff's attorney before the adjourned day of the motion, and that such stipulation has been retained by the plaintiff's attorney without objection or comment. As seen from the above recitals in the stipulation, an amended complaint was served; such service having been made on the same day that the stipulation was signed. The defendants subsequently served a demurrer to the amended complaint, whereupon the plaintiff, within 20 days after such service, served, without leave of court, a second amended complaint, which was returned on the ground that the plaintiff had no right to serve the same as matter of course, and the plaintiff now moves to compel its acceptance.

That a plaintiff has no right to serve a second amended complaint was decided in Mussinan v. Hatton, 8 Misc. Rep. 95, 28 N. Y. Supp. 1006. There the plaintiff had served an amended complaint before the defendant had answered. The amended complaint was striken out by order of the court, and subsequently the defendant served an answer to the original complaint, and within 20 days thereafter the plaintiff served another amended complaint, which the defendant moved to strike out. In granting the motion, Mr. Justice Gildersleeve, among other things, said (page 96 of 8 Misc. Rep., page 1006 of 28 N. Y. Supp.):

"Having already served one amended complaint, can plaintiff serve another under the above section (542) of the Code? I think not. The Code particularly states that the complaint may be once amended. The Code gives plaintiff an absolute right to amend his complaint once, subject to the right of the court to strike out for cause shown. Cooper v. Jones, 4 Sandf. 699; Frank v. Bush, 63 How. Prac. 282. The plaintiff has availed himself of this right, and his amended complaint has been stricken out by the court. He cannot go on serving amended complaints indefinitely. I can find no authority to support the contention that plaintiff can serve a second amended complaint as a matter of right under section 542 of the Code."

In White v. Mayor, 5 Abb. Prac. 322, it was held that, if a plaintiff amends his complaint before answer or demurrer, his right to amend of course is exhausted; and, if his amended complaint is demurred to, he cannot amend a second time without leave of the court. Cooper v. Jones, 4 Sandf. 699, cited by the plaintiff, is not in point, since the question under discussion did not there arise, and as seen this case is referred to and discussed in Judge Gildersleeve's opinion. The other case relied on by the plaintiff, viz., Lintzenich v. Stevens (Sup.) 3 N. Y. Supp. 394, merely decides that an amendment of a complaint compelled by order of the court granted upon defendants' motion did not prohibit the plaintiff from amending his complaint a second time as of course.

The plaintiff argues that the first amendment was practically under compulsion; the initiative to compel him to amend having been taken by the defendants. There was, however, no order of the court compelling him to do so; the plaintiff apparently electing to serve the amended complaint in order to overcome the defendants' objections as set forth in their motion, and in doing so saved the cost of a motion. Moreover, it will be seen upon examination of the first amended complaint that it was generally amended in form and effect so as to strengthen the pleading against a possible demurrer. It is thus apparent that the service of the first amended complaint would have had the same effect as if the defendants had made no motion whatever. I have not deemed it necessary to pass upon the controversy of the attorneys for the respective parties relative to the interlineation of the words "as of course" in the stipulation, since it appears without contradiction that the plaintiff's attorney retained the same, notwithstanding his discovery that such words had been interlined, thus waiving all objections he may have had thereto.

It results from the views above expressed that the service of the second amended complaint was, under the circumstances disclosed, unauthorized, and that the motion to compel its acceptance must be denied, with $10 costs.