ployés, I think the verdict of the jury based as it is on the failure to guard the machinery was erroneous.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide event. All concur, except CHESTER and KELLOGG, JJ., who dissent.

---

(128 App. Div. 693.)

### TOWN OF HANCOCK v. DELAWARE & E. R. CO.

(Supreme Court, Appellate Division, Third Department. November 25, 1908.)

PLEADING (§ 231*)—AMENDMENT AS OF COURSE.

    Code Civ. Proc. § 542, permits a pleading to be amended as a matter of course within 20 days after it, or the answering pleading or demurrer, is served, or at any time before the period for answering it expires. The complaint was served July 5, 1907, and was answered August 9, 1907, and on November 21st, defendant agreed to permit plaintiff to amend upon payment of costs, and on March 4, 1908, plaintiff served a second amended complaint without leave, and defendant was compelled to accept it. _Held_, that pleading could not be twice amended as of course, and plaintiff's first amendment upon payment of costs placed it in no better position than if that amendment had been served as of course within the statutory time, so that the second amendment, as of course, was improperly allowed.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 595, 597; Dec. Dig. § 231.*]

    Kellogg and Chester, JJ., dissenting.

Appeal from Special Term, Delaware County.

Action by the Town of Hancock against the Delaware & Eastern Railroad Company. From an order granting a motion requiring defendant to accept an amended complaint as of course, defendant appealed. Order reversed, and motion denied.

    The original complaint was served July 5, 1907. The answer was served August 9, 1907. More than three months thereafter, and on November 21, 1907, at the request of plaintiff, defendant stipulated that plaintiff might serve an amended complaint within 10 days upon payment of $35 costs. Pursuant to such stipulation, an amended complaint was served November 27, 1907, and the costs above mentioned were paid. On February 15, 1908, defendant demurred to such amended complaint; its time to plead thereto having been extended by stipulation. On March 4, 1908, plaintiff served a second amended complaint, which was returned on the ground that it could not be served as matter of course, and that leave to make such service had not been obtained. Plaintiff thereupon made a motion to require the defendant to accept such second amended complaint, and, from an order granting such motion, defendant appeals.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Welch, Heine & Fall (Edward J. Welch, of counsel), for appellant.
Wesley Gould (C. L. Andrus, of counsel), for respondent.

COCHRANE, J. The order was granted on the ground that plaintiff had a right to serve the second amended complaint as a matter of

---

course under section 542 of the Code of Civil Procedure. That section provides as follows:

"Within twenty days after a pleading or the answer, demurrer or reply thereto is served or at any time before the period for answering it expires the pleading may be once amended by the party of course without costs and with prejudice to the proceedings already had."

The statute gives a party an absolute right to amend his pleading once as a matter of course, provided such right is exercised within 20 days after it or the answering pleading of the opposite party is served, or at any time before the period for so answering it expires. Plaintiff by its delay had lost this right of amendment. The costs paid by it pursuant to the stipulation simply relieved it from its default, and permitted it to amend its complaint as it might have done without costs had it exercised such privilege within the time allowed for such purpose by said section 542. When pursuant to such stipulation plaintiff had paid such costs and served an amended complaint, it was in no other or better position than if it had served such complaint within the statutory time allowed for such purpose. It could not repeat the process of amendment as a matter of course merely because as a favor it had been permitted to do that which by its delay it had lost the right to do. There is no autthority for amending an amended pleading as matter of course  The "pleading" referred to in section 542, which may be amended, is obviously the original pleading, and not an amended pleading. Were it otherwise, a party might continue to serve amended pleadings ad infinitum, and the word "once" in the section would be meaningless. And such has been the uniform decisions of the courts whenever the question has arisen. Sands v. Calkins, 30 How. Prac. 1; Mussinan v. Hatton, 8 Misc. Rep. 95, 28 N. Y. Supp. 1006; Freyhan v. Wertheimer, 52 Misc. Rep. 636, 102 N. Y. Supp. 839; White v Mayor, etc., of New York, 14 How. Prac. 495; Jerolimon v. Cohen, 1 Duer, 629.

The case of Lewis v. Watkins, 6 Hill, 230, seems to be a case in point. There by permission of the court defendant pleaded over, and, after doing so, attempted to serve another amended pleading. Bronson, J., said:

"Here the defendant was allowed, as a special favor, to withdraw his plea after the cause was at issue and ready for trial, and to put in a new plea. And he was restricted to 10 days for the purpose of avoiding any more delay than was absolutely necessary. By first pleading a defective plea, and then amending as a matter of course at any time within 20 days, the terms which the court imposed are in effect defeated. When the defendant gets leave to plead as a matter of favor, he must take care to plead right. If he finds it necessary to amend, he must ask leave of the court."

In the case of Brooks Bros. v. Tiffany, 117 App. Div. 470, 102 N. Y. Supp. 626, plaintiff served an amended complaint after the defendants had served an amended answer to the original complaint. It was held that defendants, after answering the amended complaint, might also serve an amended answer. That, however, was not a second amendment of the same pleading because when plaintiff amended its complaint that took the place of the original complaint, and required a new and original answer. That case does not aid the plaintiff. The

cases of Lintzenich v. Stevens (Sup.) 3 N. Y. Supp. 394, and Ross v. Dinsmore, 20 How. Prac. 328, merely hold that, when a party is required to amend his pleading by order of the court at the instance of the opposite party, such amendment is not within the meaning of section 542. It is not his voluntary amendment, and he is not thereby deprived of his right to amend as a matter of course. Had plaintiff sought on proper grounds permission to serve this second amended complaint, as a matter of favor, the court would undoubtedly have granted such favor on appropriate terms, unless the defendant had shown sufficient reasons to the contrary. This record, however, does not present such question.

The order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

SMITH, P. J., and SEWELL, J., concur.

KELLOGG, J. (dissenting). The rules of pleading should be interpreted liberally and in order to promote substantial justice. The object of pleadings is to define the issue so that the exact controversy between the parties may be known at the trial, and liberality should be exercised in allowing the parties to frame the issue so as to present to the court the very question upon which they think their rights depend.

Section 542 of the Code of Civil Procedure, fairly construed, gives to each pleader the right to make one amendment to his pleading as of course before the pleading of the other party is due, and, after the pleading of the other party has been served, permits him as of course to make one amendment to his pleading, the effect of which has been challenged by the pleading of the other party. If his amended complaint is demurred to and he discovers the demurrer well taken, he is not forced to apply to the court for permission to amend or to argue the demurrer in which he is concededly wrong, but has the right to serve an amended pleading, avoiding, if he can, the objection raised by his adversary.

In Brooks Bros. v. Tiffany, 117 App. Div. 470, 102 N. Y. Supp. 626, this construction of the section in question was adopted. The plaintiff served his complaint, to which the defendant answered. Thereupon the plaintiff served an amended complaint, to which the defendant served an amended answer, and thereafter sought to amend his answer. It was claimed that, once having served an amended answer, he had exhausted his power of amendment as of course, and could make no further amendment except by permission of the court. By a unanimous court the Appellate Division in the First Department held that the second amendment was proper; the court saying:

"Within the proper time they did answer, and within 20 days from the service of such answer they had the right, we think, to serve an amended answer as of course, which, in turn, took its place as the answer to plaintiff's amended complaint."

The amended complaint becomes the complaint and the defendant demurs to it. The plaintiff has the right to serve as of course one amended complaint. I think the order appealed from should be affirmed.

CHESTER, J., concurs.