(162 App. Div. 392)

O'CONNELL et al. v. WILSON et al.

(Supreme Court, Appellate Division, Second Department.    May 1, 1914.)

PLEADING (§ 231*)—AMENDMENT AS OF COURSE—STATUTE.

Under Code Civ. Proc. § 542, providing that within 20 days after a pleading is served or at any time before the period for answering it expires it may be amended as of course, plaintiff, who had obtained leave to amend and had served an amended complaint, and who had not lost his right to amend as of course by its exercise or by expiration of time, before joinder of issue, had the right to file another amended complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 594–598; Dec. Dig. § 231.*]

Appeal from Special Term, Kings County.

Action by Charles B. O'Connell and others against Henry P. Wilson, etc., impleaded with others.    Motion to compel defendant Wilson to accept an amended complaint denied, and plaintiffs appeal.    Reversed, and motion granted.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Milton Hertz, of Brooklyn, for appellants.

Albert Stickney, of New York City (Richard S. Holmes, of Buffalo, on the brief), for respondent.

PER CURIAM.    The plaintiffs, as individuals, sued the defendants.    After the service of the summons and complaint, they decided to change the character of the action so as to sue on behalf of themselves and all other depositors of a defunct foreign banking corporation.    To accomplish that desire they applied to the court for leave to amend not only the pleading but the summons.    The order granting leave was made upon terms.    The leave was limited to the purpose indicated.    Plaintiffs' amended complaint transgressed the limited leave slightly and immaterially.    It is sufficient to say that the special term correctly decided that any bearing that act would otherwise have upon the merits of this application is lost in the act of the parties, and may not be considered.    The amended summons and complaint were served within the time prescribed by and pursuant to the terms of the order.    Before the joinder of issue, and without leave from the court, plaintiffs attempted to make service of another amended complaint.    The paper was returned to them by the defendants' attorneys on the ground that it was unauthorized.    The plaintiffs then made a motion to compel the acceptance of that pleading.    That motion was denied as to this appellant.    It is from an order denying the motion that this appeal is taken.

The theory of the denial is that, plaintiffs "having once obtained leave to amend by order of the court upon their own application, they could not thereafter amend as of course."    The authority cited to sustain the theory is Town of Hancock v. Delaware & Eastern Railroad Co., 128 App. Div. 693, 113 N. Y. Supp. 80.    In that case the original complaint was served July 5, 1907, and the answer was served

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

August 9, 1907. More than three months thereafter, and on November 21, 1907, the defendant, at the request of the plaintiff, stipulated that plaintiff might serve an amended complaint upon the payment of $35 costs. Pursuant to such stipulation, an amended complaint was served November 27, 1907, and the costs above mentioned were paid. On February 15, 1908, defendant demurred to such amended complaint; its time to plead thereto having been extended by stipulation. On March 4th, the plaintiff served a second amended complaint, which was returned on the ground that it could not be served as a matter of course, and that leave to make such service had not been obtained. Plaintiff thereupon made a motion to require the defendant to accept such second amended complaint. The Special Term granted the motion, and on appeal the Appellate Division, Third Department, by a divided court reversed the order. All that was actually decided was that plaintiff, by its delay of more than three months after the joinder of issue, lost its right to amend of course. The statute, so far as applicable, reads:

"Within twenty days after a pleading, or the answer, demurrer or reply thereto, is served, or at any time before the period for answering it expires, the pleading may be once amended by the party, of course, without costs and without prejudice to the proceedings already had." Section 542, Code of Civil Procedure.

Here there was no joinder of issue. The right to amend, of course, had not been exercised by amendment of course, or lost by expiration of time, or waived by the service of an amended complaint with leave of the court. Backes v. Mechanics' & Traders' Bank, 130 App. Div. 20, 114 N. Y. Supp. 459. See Brooks Brothers v. Tiffany, 117 App. Div. 470, 102 N. Y. Supp. 626.

The order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs.