THE WOOLSON SPICE COMPANY, Plaintiff, *v.* COLUMBIA TRUST COMPANY, as Executor of the Last Will and Testament of HERMAN SIELKEN, Deceased, and THORLEIF S. B. NIELSEN, Defendants.

(Supreme Court, New York Special Term, February, 1920.)

Pleading — amendments — when motion to compel plaintiff to accept service of an amended answer granted — Code Civ. Pro. § 542.

A defendant within twenty days after service of an answer amended by leave of court has an absolute right, under section 542 of the Code of Civil Procedure, to serve a second amended answer, and where it is returned on the ground that its service is unauthorized, a motion to compel plaintiff to accept it will be granted with costs.

MOTION by the defendant Nielsen to compel the plaintiff to accept an amended answer, or, in the alternative, for leave to amend in accordance with the said amended answer.

Supreme Court, February, 1920.        [Vol. 110.

Davies, Auerbach & Cornell (Charles H. Tuttle, of counsel), for motion.

Wise & Seligsberg (Edmond E. Wise and Leon Lauterstein, of counsel), opposed.

Giegerich, J.   The defendant Nielsen moves to compel the plaintiff to accept an amended answer or, in the alternative, for leave to amend in accordance with the said amended answer.   After the time of the defendant Nielsen to amend his answer had expired he applied to the court and obtained leave to amend, and pursuant to such leave he served an amended answer.   Within twenty days thereafter he served a second amended answer, which was returned by the plaintiff's attorneys upon the ground that its service was unauthorized, and that no leave of court to serve the same had been obtained.   Thereupon the said defendant made this motion to compel the plaintiff to accept the amended answer.   The plaintiff's attorneys, while conceding the general rule that a defendant may once serve an amended answer as of course, claim that this is an exceptional case, and that the moving defendant, having previously voluntarily sought and obtained leave of court to serve an amended answer, cannot now as of right serve another amended answer.   The attempt is made to draw a distinction between such a case as this and cases where leave to amend is given by the court as an incident to a demurrer or a motion to strike out.   The plaintiff's attorneys do not, however, cite any decision under our present Practice Act in support of such distinction, nor can I find any ground for such support in that statute.   Code Civ. Pro. § 542. The language used is broad and unqualified: " Within twenty days after a pleading, or the answer, demurrer or reply thereto is served, or at any time before the

period for answering it expires, the pleading may be once amended by the party of course without costs and without prejudice to the proceedings already had." Furthermore, the statute contains its own limitation upon the right conferred by this sweeping language. It provides: " But if it is made to appear to the court that the pleading was amended for the purpose of delay, and that the adverse party will thereby lose the benefit of a term, for which the cause is or may be noticed, the amended pleading may be stricken out, or the pleading may be restored to its original form, and such terms imposed as the court deems just." In *Hall* v. *Galban & Co.,* 164 App. Div. 873, construing said section 542 of the Code of Civil Procedure, the court said: ".It has been uniformly held that under this section a party has an absolute right to amend once providing he do so within twenty days .after service of the answer, demurrer or reply. An amendment by leave of the court is not a substitute for, and does not preclude a subsequent amendment under the section cited." In *Backes* v. *Mechanics & Traders Bank,* 130 App. Div. 20, after quoting the first sentence of section 542, the court said: " The plaintiff is within the terms of this provision. He has not before served an amended pleading, as of course, and the amended complaint was served within twenty days after defendant had answered. There is nothing in the section of the Code which restricts the right to amend once as of course without permission of the court to a case where the complaint had not before been amended with such permission, and I can see no reason why such a restriction should be implied." In *O'Connell* v. *Wilson,* 162 App. Div. 392, the point was made by the defendant that, having once obtained leave to amend their complaint by order of the court upon their own application, the plaintiffs could not thereafter amend

as of course.   The court nevertheless granted the motion to compel acceptance of the second amended complaint, citing *Backes* v. *Mechanics & Traders Bank, supra,* and distinguishing *Town of Hancock* v. *Delaware & Eastern R. R. Co.,* 128 App. Div. 693. The fact that the plaintiff has interposed a demurrer to the former amended answer and that that demurrer has been argued cannot deprive the defendant of his statutory right to further amend, any more than could serving a notice of trial and filing a note of issue or making some motion on the pleadings as they stand or any act of a similar character have such an effect, all of which under such circumstances a plaintiff has a perfect right to do, but which is done subject to the defendant's statutory right to amend, and if he exercises such right then the steps taken by the plaintiff may be rendered nugatory by reason of the creation of new issues by the amended pleading.  *Low* v. *Graydon,* 14 Abb. Pr. 443, is a case quite directly in point. There, at page 448, the court said: " But in the present case, the right alleged to have been waived is not a right to a technical objection, but a right to assert completely and effectively his defense; and no injury, that I can see, is done to his opponent by appearing at the trial before the referee, and allowing the plaintiff to examine his witnesses before the time for putting in his amended answer expires.   In all courts the right to put in a defense is so vital and essential, that the waiver of it should never be implied.   If the amended answer changes the issues, or affects them in any way, the referee, of course will allow the plaintiff to present further evidence to meet the altered aspect of the case."   See, also, *Stilwell* v. *Kelly,* 37 N. Y. Super. Ct. 417; *Frank* v. *Bush,* 63 How. Pr. 282; *Muglia* v. *Erie R. R. Co.,* 97 App. Div. 532.   The conclusion I have reached, that the moving defendant

had the right as of course to serve the amended pleading in question, renders it unnecessary and inappropriate to discuss upon this motion the question whether or not the defense set up in the pleading contains denials that have no proper place there. The motion to compel the acceptance of the amended answer should therefore be granted, with ten dollars costs.

Motion granted, with ten dollars costs.