New Haven Web Company, Respondent, *v.* Francis J. C. Ferris, Appellant.

(Argued June 4, 1889; decided June 11, 1889.)

Appeal from order of the General Term of the Court of Common Pleas in and for the city and county of New York, made November 14, 1888, which affirmed an order of Special Term granting a motion to vacate a judgment taken by default herein, on condition that defendant gave an undertaking with sureties to pay any judgment recovered, and in case of his failure so to do, then denying the motion.

This action was commenced on the 29th day of May, 1888, by the service of a summons on the defendant; and on the same day an order of arrest was issued in the action against

Sickels — Vol. LXX.    81

him, by virtue whereof he was taken into custody by the sheriff. On the thirty-first day of May plaintiff's attorney was requested to call at the office of A., an attorney; and, in pursuance of such request, he went there and met the defendant in the custody of the sheriff. He was there informed by the defendant that A. was his attorney in the action; and, after considerable consultation, it was arranged that the defendant should be released upon the execution, by A., of an instrument signed by him as attorney for defendant, by which he agreed "that the defendant shall be produced when required; he will render himself amenable to any mandate which may be issued to enforce final judgment against him in the action;" which instrument was then delivered to plaintiff's attorney. On the fifteenth day of June plaintiff's attorney received a formal notice of appearance, and a demand for a copy of the complaint from R. & P., signing themselves as attorneys for the defendant, which notice he immediately returned, assigning for his reason that the defendant had already appeared by A. as his attorney. Thereafter A., as attorney for the defendant, consented that R. & P. should be substituted as attorneys in his place, and, accordingly, on the eighteenth day of June a formal order was entered substituting them as his attorneys, and a copy of that order was, on the same day, served upon plaintiff's attorney. Subsequent thereto no demand of the complaint was made, and plaintiff's attorney entered judgment by default against the defendant.

The court here say:

"Even if A.'s appearance was not regular, and did not bind the defendant as a general appearance in the action, yet, we think, the conduct of his attorneys was such as to waive their first appearance, and their demand of complaint; and, after their substitution, in order to entitle themselves to a copy of the complaint, they should have renewed their demand. Hence, we think the plaintiff's attorney had the right to treat the defendant as in default, and the judgment was regularly entered.

"Whether the judgment should be vacated and the default opened, therefore, rested in the discretion of the Supreme

Court, and we have no jurisdiction to review the exercise of that discretion.

"The appeal should, therefore, be dismissed, with costs."

*Andrew Gilhooley* for appellant.

*Franklin Bien* for respondent.

EARL, J., reads for dismissal of appeal.
All concur.
Appeal dismissed.