THE ARMSTRONG MANUFACTURING COMPANY, Appellant, *v.* FRANCIS J. C. FERRIS, Respondent.

*Court of Appeals, Jan. 20, 1891.*

Aff'g 23 St. Rep. 61.

*Arrest. In civil action.*—A motion can be made at any time to vacate an order of arrest, where the complaint does not allege, and the proofs show, fraud inherent in contracting, or seeking to avoid, debt, where the application is based on such grounds.

Appeal from a judgment of New York common pleas reversing order of special term denying motion to vacate order of arrest.

*Franklin Bien,* for appellant.

*Andrew Gilhooly,* for respondent.

FINCH, J.—It must be assumed that the order of arrest was granted in this case under the provisions of § 549 of the Code, which permit it to be made where there was a fraud in the contracting of the debt or in seeking to avoid it after it was contracted. The affidavits used on the application are not printed in the return, and all we know about them is the apparent concession on both sides that they alleged as ground of arrest a fraud effected by a transfer of the debtor's property with an intent to cheat his creditors. Assuming that to be true, it follows that to sustain an order of arrest the complaint was required to allege, and the proof to show, the fraud inherent in the contract made or attempted thereafter. But the complaint when filed proved to contain no such allegation, and was simply a complaint on contract. Judgment was entered by default, and, as a judgment, was entirely regular, 115 N. Y. 641; 24 N. Y. State Rep. 4, but left no basis for an arrest or an execution against the person.

By the terms of § 558 a motion to vacate an order of arrest if the complaint fails to set forth a sufficient cause of action as required by § 549, that is, if it fails to allege not only a debt but a fraud in contracting it, or trying to avoid it, may be made at any time after the filing or service of the complaint. The right so to move goes upon the ground that by omitting to allege the fraud and suing simply for a breach of contract the creditor has elected to waive or abandon, for the purposes of his judgment, the tortious element in his cause of action or the fraud which followed it, and any consequent right of arrest which he may have had. But this provision the appellant claims is controlled and practically nullified by § 567, which authorizes generally a motion to vacate the order at any time before final judgment, or if the arrest was within twenty days before final judgment, at any time within twenty days after the arrest; and he contends that since this motion was not made until seven months after final judgment it came too late, and there was no jurisdiction to grant it. We ought not, however, to treat the two sections as inconsistent, and so destructive one of the other. They may very well stand together upon the construction that one supplies the general rule while the other governs an exceptional and specific case, so that ordinarily the time within which the motion to vacate should be made is determined by § 567, but with the exception of cases where the complaint is insufficient under the special provisions of § 549. Thus understood, collusion and inconsistency are avoided and the different time limitations have each their own application.

These views lead to an affirmance of the order of the general term.

The order should be affirmed, with costs.

All concur.