Judgment reversed, new trial ordered, costs to appellant to abide event.

---

THE NEW YORK INSULATED WIRE COMPANY, Appellant, *v.* WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY, Respondent.

85h    269
80 AD⁵504

*Amended pleading — supersedes the original — offer to allow judgment — how available.*

Where an amended pleading is served, it takes the place of the original pleading, and the action will proceed as if the original pleading had never been served. Such original pleading, under such circumstances, forms no part of the record and does not set forth the issues which are involved therein, and recourse cannot be had to the original pleading for the purpose of explaining the allegations contained in the amended pleading.

The only way in which the plaintiff in an action can avail himself of an offer of judgment is in the manner provided by the Code of Civil Procedure, and he will not be permitted to make use of such offer on a motion made by him to sever the action and for judgment for a portion of the amount demanded by the complaint and claimed to be admitted to be due by the answer, where the court cannot determine from an inspection of such answer the amount which is admitted to be due.

APPEAL by the plaintiff, The New York Insulated Wire Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of January, 1895, denying the plain-

tiff's motion for a severance of the action and entry of judgment in favor of the plaintiff for a portion of the amount demanded by the complaint.

*W. B. Putney* and *Henry B. Twombly,* for the appellant.

*Paul D. Cravath,* for the respondent.

VAN BRUNT, P. J.:

The summons and complaint in this action were served on the 16th of August, 1894, and on the twelfth of November the defendant served an answer. On the twenty-fourth of November a notice of motion for a severance of the action and for a judgment of $17,079.24, claimed to be admitted to be due in said answer, was served, said notice being returnable on the third of December, the last day for the defendants to serve an amended answer. The defendant asked that the motion stand over until the following day in order that it might serve its amended answer. This application was granted, and the next day the defendant, pursuant to such leave, served and submitted to the court such amended answer and at the same time served upon the plaintiff an offer of judgment for $24,000. The original answer and the offer to allow judgment are contained in the papers handed up upon this appeal.

It is undoubtedly true that the plaintiff was entitled to the relief demanded by this motion under the original answer. But the amended answer contains no such specific admissions as were embraced within the original answer; and the court cannot determine, upon an inspection of the amended answer, the amount which is admitted to be due.

It is urged, however, upon the part of the appellant, that recourse may be had to the original answer for the purpose of explaining the allegations contained in the amended answer. But we think that this cannot be done as it is a well-settled rule of pleading that where an amended pleading is served it takes the place of the original pleading and the action proceeds as though the original pleading had never been served. Such original pleading, under such circumstances, forms no part of the record and does not set forth the issues which are involved. It is difficult, therefore, to see what bearing or relevancy the original answer can have upon a motion of this

description; and upon reading the order in this case it would seem not to have been considered by the court below. .The summons and complaint and the amended answer are referred to in definite terms; but although the words, "and upon all the papers and proceedings herein," are inserted in the order it is manifest that the court did not consider the original answer in determining the application, and if it did it would have been error.

Neither can the plaintiff's application receive any support because of the offer of judgment which is contained in these papers. The only way in which the plaintiff can avail himself of an offer of judgment is set forth in the Code. It is not upon such a motion as the one now under review that any use is permitted of such an offer. If the amended answer in question was served in bad faith simply for the purposes of delay the Code points out the remedy which a party aggrieved is entitled to pursue. He may have it stricken out upon motion and then the action proceeds upon the original pleading. No such course was taken in the case at bar, and we see no means of aiding the plaintiff in procuring the judgment which he was entitled to under the original answer, and to prevent the recovery of which the amended pleading seems to have been served.

The order appealed from must be affirmed, with ten dollars costs and disbursements.

O'Brien, J., concurred.

Order affirmed, with ten dollars costs and disbursements.