(85 App. Div. 577.)

### LEWIS et al. v. POLLACK.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. ARREST—ORDER—VACATION—PLEADING—IMPROPER JOINDER.

    Code Civ. Proc. § 557, provides that an order of arrest may be granted in a case specified within section 549 where it appears by affidavit that a sufficient cause of action exists against the defendant as prescribed in that section. Section 558 enacts that the order may be vacated if the complaint fails to set forth a sufficient cause of action as required by section 559. *Held*, that where a complaint set forth a cause of action in tort, under section 559, authorizing an arrest, and the affidavits stated such facts, it was error to vacate the order because the complaint improperly joined another cause of action on a note.

Appeal from Special Term, New York County.

Action by Frederick W. Lewis and others against William L. Pollack. From an order vacating an order of arrest, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Quincy Ward Boese, for appellants.
Leo Levy, for respondent.

HATCH, J. The original complaint in this action averred two separate and distinct causes of action. In the first the plaintiffs aver that they are dealers in diamonds and other precious stones, and that for several years they have been selling diamonds to the defendant, but have never allowed him a credit exceeding $2,000; that the defendant came to plaintiffs, and, for the purpose of securing more credit from them, represented that his business was constantly increasing, that he practically owed nothing, except what he owed the plaintiffs, that his debts had been constantly diminishing, and that, to meet the demands of his increased business, he needed to make larger purchases from them, and was therefore desirous of having them give him a larger credit; that, relying upon the truth of such statements, plaintiffs did make other sales to defendant, and gave him an additional credit of $2,859.22. The plaintiffs then aver that at the time the defendant made the representations of his solvency, as aforesaid, for the purpose of gaining such extended credit from them, he knew such representations were false and untrue, and that in fact at that time he knew himself to be insolvent, and heavily in debt to other persons, and that he had no means of paying his indebtedness. That, because of the premises, plaintiffs have suffered damage in the sum of $2,859.22. For a second and separate cause of action, the complaint averred a cause of action upon a promissory note. Judgment was demanded for the sums declared upon in both causes of action. Before the defendant had appeared in the action, the plaintiffs had obtained an order of arrest upon the complaint and the affidavits of one of the plaintiffs and of their cashier and bookkeeper. The affidavits did not mention the second cause of action, but set forth the substance of the first cause of action, and the further fact that, shortly after defendant had obtained the additional credit mentioned in the

said first cause of action, he went into voluntary bankruptcy. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and that there was a misjoinder of causes of action. Thereupon the plaintiffs served an amended complaint, wherein they set forth the facts constituting the first cause of action averred in the original complaint, and omitted any reference to the second cause of action. This amended complaint was received and retained by the defendant. After its service, the defendant made a motion to vacate the order of arrest, and the motion was granted, on the ground that the original complaint upon which it was granted stated a cause of action in tort and one in contract, and therefore an order of arrest was not authorized. From the order entered, vacating the order of arrest, the defendants have appealed.

It is not claimed, nor could it be successfully, that the facts averred in the first cause of action in the original complaint and the affidavits, upon which the order of arrest was granted, did not state a cause of action which would authorize the issuance of such order within the provisions of section 549 of the Code of Civil Procedure. The statements of fact contained in the papers used to obtain the order of arrest are clearly sufficient to show a case within the provisions of the above section. The only ground, therefore, upon which the order appealed from can be sustained, is of the improper joinder of causes of action in such complaint. The Code of Civil Procedure (section 557) provides:

"The order may be granted, in a case specified in section 549 of this act, where it appears by the affidavit of the plaintiff, or any other person, that a sufficient cause of action exists against the defendant, as prescribed in that section."

By the express terms of this enactment, it is not necessary that there should be any complaint at all in order to authorize the issuance of an order of arrest. All that is required is that an affidavit, or affidavits, shall be presented, showing a case falling within the provisions of section 549. Compliance was had with both of these sections of the Code. The affidavits made out a complete case, and the court was authorized to issue the order based upon such affidavits, quite irrespective of any complaint. Section 558 provides, among other things, that the order of arrest must be vacated on motion if the complaint fails to set forth a sufficient cause of action as required by section 549. These two sections, so far as concern the present question, contemplate that the order of arrest may be granted upon affidavits without a complaint, but when the complaint is served it must set forth a cause of action showing the case to be within the provisions of section 549, otherwise the order will be vacated. Primarily, however, no complaint is required. N. H. W. Co. v. Ferris, 125 N. Y. 364, 26 N. E. 453. The defendant made no motion to vacate the order of arrest after the same was granted, but demurred to the complaint. When this demurrer was interposed, the plaintiffs became entitled, as matter of right, to amend their pleading, without costs, and without prejudice to the proceedings already had. Code Civ. Proc. § 542. The plaintiffs herein availed themselves of such privilege, served their amended complaint, and omitted therefrom the second cause of action upon the

promissory note, and thus left the action as one sounding purely in tort, the gravamen of which was the fraudulent representations by which the credit was procured, and this became the sole issue which the defendant was required to meet. The service of such pleading operated in law to supersede the old pleading, and the action was thereafter to be treated as though it had never been. Penniman v. F. & W. Co., 133 N. Y. 442, 31 N. E. 318. When, therefore, the defendant moved to vacate the order of arrest, he was confronted with affidavits which were in every respect sufficient, and upon which the order had been granted, and he was also confronted with a complaint which showed a cause of action within section 549 of the Code, and the papers as a whole showed a strict, literal compliance with the sections of the Code of Civil Procedure authorizing an order of arrest to issue. Why, then, should the order be vacated? We are unable to answer, and, being so unable, conclude that the order vacating the order of arrest should be reversed, with $10 costs and disbursements, the motion to vacate denied, with $10 costs, and the order of arrest be restored. All concur.