(117 App. Div. 470)

BROOKS BROS. v. TIFFANY et al.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

1. PLEADING—VERIFICATION OF ANSWER.
    Under Code Civ. Proc. § 523, providing that, where a pleading is verified, each subsequent pleading must also be verified, where a verified complaint was served, but thereafter plaintiff served an unverified amended complaint, it was not necessary that defendant's answer to the latter complaint should be verified.

2. SAME—AMENDMENTS—ANSWER.
    Code Civ. Proc. § 542, enacts that within 20 days after a pleading is served, or at any time before the period for answering it has expired, it may be once amended. Section 543 provides that a failure to demur to or answer an amended pleading within 20 days has the same effect as a failure to demur to or answer the original pleading. Held, that where, within the prescribed time, defendant served an amended answer to the complaint, and thereupon plaintiff served an amended complaint, which defendant answered, defendant was entitled within 20 days thereafter to serve an amended answer.

Appeal from Special Term, New York County.

Action by Brooks Bros. against Louis C. Tiffany and others, as executors and trustees under the will of Charles L. Tiffany, deceased. Appeal by defendants Louis C. Tiffany and others, as executors, from an order denying their motion to compel plaintiff to accept service of an amended answer to an amended complaint. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Arthur F. Gotthold, for appellants.
L. M. Berkeley, for respondent.

HOUGHTON, J. A verified complaint was served, to which defendants interposed a verified answer, and within 20 days thereafter served an amended answer. Thereupon the plaintiff served an unverified amended complaint, to which the defendants served an unverified answer, and within 20 days thereafter served an unverified amended answer, which latter answer was returned by plaintiff on the ground that its service was unauthorized because the defendants had already served one amended answer and so exhausted their privilege of amendment as of course, and on the further ground that it was unverified. A motion was made to compel the plaintiff to accept such service, and from the order denying the same this appeal is taken.

We think service was properly made, and that the motion should

have been granted.  It was not necessary that defendants' answer to plaintiff's unverified amended complaint should be verified.  The amended complaint took the place of the original one.  Where an amended pleading is served, it takes the place of the original pleading, and the action will proceed as if the original pleading had never been served, for the issues thus tendered are the ones upon which the action must proceed.  New York Wire Co. v. Westinghouse Co., 85 Hun, 269, 32 N. Y. Supp. 1127;  Lewis .v. Pollack, 85 App. Div. 577, 83 N. Y. Supp. 287.  Section 523 of the Code provides that, where a pleading is verified, each subsequent pleading must also be verified. The amended complaint being without verification, it was unnecessary that the answers to it should be verified.

Nor do we think that the defendants by serving an amended answer to plaintiff's original complaint had exhausted the right given them by section 542 of the Code to amend as of course their answer to plaintiff's amended complaint within the prescribed time.  That section, so far as material, provides that within 20 days after a pleading is served it may be once amended by the party of course, without costs and without prejudice to the proceedings already had.  The plaintiff had a right to serve its amended complaint, which thereupon took the place of the former complaint and became the complaint in the action, the allegations of which defendants were called upon to answer or suffer default.  Code of Civ. Proc. § 543.  Within the proper time they did answer it, and within 20 days from the service of such answer they had a right, we think, to serve an amended answer as of course, which, in turn, took its place as the answer to plaintiff's amended complaint. It not requiring verification, and having been served in time, its return was unauthorized, and the court should have compelled its acceptance.

The order should be reversed, with $10 costs and disbursements, and the motion granted.  All concur.