### KYLE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. February 7, 1913.)

1. PLEADING (§ 248*)—AMENDMENT—SUBJECT-MATTER.

An amendment to a complaint for personal injuries, by inserting additional allegations as to the extent of such injuries, does not in any way change the cause of action originally stated, nor substitute a new cause of action therefor, and hence is allowable.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686, 687, 689–706, 709; Dec. Dig. § 248.*]

2. APPEAL AND ERROR (§ 1041*)—PREJUDICE—AMENDMENT OF PLEADING.

Where, upon an amendment adding allegations to the complaint as to the extent of plaintiff's personal injuries, no new answer was necessary, and where the only inconvenience was in being required to attend upon the motion to amend, and it was provided that the issues should remain as of the original date, requiring payment only of the costs of the motion was not prejudicial to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4106–4109; Dec. Dig. § 1041.*]

Appeal from Special Term, Richmond County.

Action by Ella Kyle against the City of New York. From an order of Special Term, granting plaintiff's motion to serve an amended complaint, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Clarence L. Barber, of New York City (Terence Farley, of New York City, on the brief), for appellant.

Eugene Lamb Richards, Jr., of New York City, for respondent.

BURR, J. Plaintiff brings this action to recover for personal injuries alleged to have been sustained by her through defendant's negligence in the operation and control of the ferryboat Nassau, running between Whitehall street, in the borough of Manhattan, and St. George, in the borough of Richmond. The case came on for trial at a term of this court held in Richmond county in November, 1912. At the trial plaintiff moved to amend her complaint by inserting additional allegations as to the extent of her injuries. Defendant claiming sur-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

prise, plaintiff asked leave to withdraw a juror, which was granted, and then moved at Special Term to amend her complaint in this respect only. The motion was granted upon payment of $10 costs, and the order contained a provision that the answer of defendant to the original complaint should be deemed its answer to the amended complaint, and that the issue should remain as of the original date. Defendant appealed from each and every part of the order, but upon the argument of the appeal confined its objections to two: First, that the terms imposed are inadequate; and, second, that the order deprives defendant of a right to serve a new answer to the amended complaint.

[1] The amendment here allowed does not in any manner change the cause of action originally stated, nor substitute a new cause of action therefor. In this respect it differs from that class of cases cited by appellant, of which McEntyre v. Tucker, 40 App. Div. 444, 58 N. Y. Supp. 146, and Palazzo v. Degnon-McLean Contracting Co., 115 App. Div. 172, 100 N. Y. Supp. 681, are types. It is of a character which might have been granted upon the trial, except for the fact that defendant claimed surprise. It might well be that it could not be justly expected to meet the additional claim for damages arising out of facts not originally pleaded because, as plaintiff alleges, unknown to her at the time when the action was commenced.

[2] The purpose of imposing terms as a condition of amendment is to recompense a party for the additional labor devolved upon it by reason of such amendment. In this case the situation is similar to that which would have arisen if plaintiff had moved at Special Term before the case came on for trial. It does not appear that any new answer is required on the part of defendant, for, in the absence of proof to the contrary, which does not appear in this record, since the original complaint and answer are not made a part thereof, it may be presumed that the nature and extent of plaintiff's injuries were put in issue. It is true that defendant has been put unnecessarily to the burden of preparing for a trial which at plaintiff's request was suspended; but defendant's compensation for that might be met by imposing, as terms for the withdrawal of a juror and the postponement of the trial, the payment of a trial fee. It does not appear in this case whether such terms were imposed, or whether defendant acquiesced in the postponement of the trial. Upon this record, all the inconvenience that defendant seems to have suffered arises out of being required to attend upon the motion to amend. The granting of motion costs is sufficient compensation for that. The order further provided that the issue should remain as of the original date. This cannot prejudice the defendant.

The order should be affirmed, with $10 costs and disbursements. All concur.