## MAYTHAM v. PARKER.

(Supreme Court, Special Term, Erie County. June, 1913.)

1. INJUNCTION (§ 187*)—WRONGFUL INJUNCTION—ACTION FOR DAMAGES—CONDITIONS PRECEDENT—RENDERING JUDGMENT AND ENTRY.

On motion for a reference or writ of inquiry to ascertain the damages suffered by defendant by reason of an injunction, it appeared that plaintiff with leave of court had abandoned the cause of action upon which the injunction was based, and substituted therefor a cause of action for damages under which no injunction could issue, and that in an action to foreclose a second mortgage the plaintiff set up as a defense substantially the allegations contained in the original complaint in this action, and a Supreme Court justice having decided against the plaintiff on such issue, the injunction in this case was dissolved. *Held*, that plaintiff's abandonment was equivalent to a formal discontinuance, that the judgment was sufficient as a determination that plaintiff was not entitled to the injunction, and hence that all questions entitling defendant to a reference had been determined.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 398, 406, 407; Dec. Dig. § 187.*]

2. PLEADING (§ 252*)—AMENDED PLEADING—EFFECT.

An amended pleading supersedes the original pleading; and the action is thereafter to be treated as though the original pleading had not been served.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 736–743; Dec. Dig. § 252.*]

Action by Mary T. Maytham against Edward L. Parker. Motion by defendant for an order directing a reference or a writ of inquiry to ascertain the damages sustained by him by reason of an injunction granted in the cause. Motion granted.

George H. Frost, of Buffalo, for the motion.
Orson J. Weimert, of Buffalo, opposed.

EMERY, J. This is a motion made on the part of the defendant for an order directing a reference or a writ of inquiry to ascertain the damages sustained by the defendant by reason of an injunction granted in the cause on the 26th day of June, 1912.

[1, 2] The plaintiff insists that, as no judgment has been rendered and entered in this action finally terminating the action, the motion for reference is premature. There appears to be no authority precisely in point. Notwithstanding the language of the undertaking, "if the court finally decides that the plaintiff is not entitled thereto," it is well settled that, if the plaintiff discontinues the action without the consent of the defendant, that is equivalent to a determination by the court. Here the plaintiff, with leave of the court, has withdrawn and abandoned the cause of action upon which the injunction was based, and has substituted therefor a cause of action for damages, upon which no injunction could issue.

Surely this ought to be deemed equivalent to a formal regular discontinuance of the action, since no judgment can possibly be hereafter rendered either for or against the plaintiff upon the equitable

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cause of action for specific performance.   Consequently there is no reason whatever why the reference should be postponed until the termination of the action for damages.   Suppose plaintiff recovers judgment upon a different cause of action.   How will that help him in this matter?   An amended pleading supersedes the original pleading, and the action is thereafter to be treated as though the original pleading had never been served.   Lewis v. Pollack, 85 App. Div. 577, 83 N. Y. Supp. 287.

Plaintiff cites cases holding that a final judgment must be entered. But the plaintiff has rendered that impossible by withdrawing, abandoning, or discontinuing the cause of action by procuring an order for leave to amend.   Besides, it appears that, in the action to foreclose the second mortgage, the plaintiff set up as a defense substantially the allegations contained in the complaint in this action (Weimert's affidavit), and, Justice Pound having decided against this plaintiff "in an action involving the same issues," Justice Wheeler dissolved the injunction.   This decision and judgment of Pound, J., appears to be sufficient as a determination that plaintiff was not entitled to the injunction, since the issues were identical, and no final judgment can be rendered upon the equitable cause of action because of its discontinuance.

If entry of final judgment upon the cause of action set forth in the complaint at the time the injunction was procured is absolutely essential, then the defendant has no remedy, since the plaintiff withdrew the cause of action.   In this case it must be held as against the plaintiff that all questions entitling the defendant to a reference have been determined.

Motion granted, and an order to that effect may be prepared.