(173 App. Div. 676)

BRANOWER & SON, Inc., v. WALDES et al.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. PLEADING ☞237(5)—LEAVE TO AMEND—LACHES.

Where plaintiff, over defendant's objection, proceeds to trial upon a substantially defective complaint, evidence as to matters not alleged in the complaint being received over defendant's objection, the court has no power at the end of plaintiff's case to allow amendment to render the evidence admissible.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 606; Dec. Dig. ☞237(5).]

2. APPEAL AND ERROR ☞883—RIGHT TO ALLEGE ERROR—AMENDMENT—ACQUIESCENCE IN RULING.

Where the trial court was of opinion that a complaint was imperfect without amendment, and plaintiff asked leave to amend, on appeal by defendant, based on allowance of amendment, the plaintiff could not claim that the complaint was sufficient without amendment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3611; Dec. Dig. ☞883.]

3. SALES ☞411—ACTION BY BUYER FOR BREACH—PLEADING—DUE PERFORMANCE.

In action by buyer for failure of seller to deliver, if under the terms of the contract there is something to be done by plaintiff before defendant is obligated thereon, complaint must allege due performance.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1161–1164; Dec. Dig. ☞411.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. PLEADING ☞420(1)—WAIVER OF REFUSAL OF TIME TO PLEAD OVER AFTER AMENDMENT.

Where substantial amendment of complaint is made at close of trial, defendant did not waive his right to object to failure to allow him time to plead thereto by proceeding with the trial under strong pressure from the court.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1408; Dec. Dig. ☞420(1).]

5. PLEADING ☞252(2)—AMENDMENT—SUPERSEDING ORIGINAL PLEADING.

Where a complaint is formally amended and served, it supersedes the original complaint, and becomes the only complaint in the case.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 737½; Dec. Dig. ☞252(2).]

6. PLEADING ☞253, 254—AMENDMENT—RIGHT TO ANSWER OR DEMUR.

Where plaintiff, over defendant's objection, proceeds to trial upon a substantially defective complaint, evidence as to matters not alleged in the complaint being received over defendant's objection, and at the end of plaintiff's case amends the complaint to cover such evidence, defendant has a right to 20 days in which either to answer or demur thereto, and the court cannot confine defendant to answering alone, under Code Civ. Proc. § 520, specifying time within which pleadings are to be served, notwithstanding Code Civ. Proc. § 723, authorizing the court to allow amendments in the interests of justice, and, when the case in which amendment is made is on the general calendar of issues of fact, to direct that it retain its place on the calendar.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 744–751, 752–760; Dec. Dig. ☞253, 254.]

7. PLEADING ☞253, 254—AMENDMENT—RIGHT TO ANSWER OR DEMUR.

Such rule is not applicable to a case where amendment is merely formal, and does not go to the merits of the action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 744–751, 752–760; Dec. Dig. ☞253, 254.]

Appeal from Special Term, New York County.

Action by Branower & Son, Inc., against Henry Waldes and others. From an order denying defendants' motion to strike the cause from the Trial Term calendar, defendants appeal. Order reversed, and motion granted.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Harry D. Nims, of New York City, for appellants.

F. Wright Moxley, of New York City, for respondent.

SCOTT, J. The action is for damages for the defendant's refusal to comply with a contract by which they undertook to furnish certain merchandise to plaintiff. There were three counts in the complaint, and in none of them did the plaintiff allege that it had performed the conditions of the contract on its part to be performed. This objection was taken by defendants at the very outset on a motion to dismiss the complaint, and was renewed at various times during the trial, especially when there was offered evidence tending to show performance on the plaintiff's part. All these objections were overruled by the trial court, but at the end of the plaintiff's case the court reconsidered its decision upon this point, and held that the plaintiff, to

succeed, must amend his complaint. Thereupon plaintiff's attorney moved to amend each cause of action by alleging performance on the part of the plaintiff. At the defendants' instance this amendment was written out and verified by the plaintiff, and an amended complaint containing it was served. The defendants then insisted that they had the right under the Code to have 20 days within which to plead or demur to the amended complaint. This right the court denied, and insisted that either they should amend the answer on the spot, by denying the allegations, as they had already denied the other allegations of the complaint, or that the allegations of performance would be taken as admitted. The defendants stood upon their rights, and insisted that they were right in this position; but notwithstanding, under pressure from the court, they proceeded with the trial, carefully saving and reserving what they deemed to be their rights by appropriate exceptions.

The trial resulted in a disagreement of the jury, and the cause was ordered to be restored to the trial calendar for retrial. A motion was made to strike the cause from the calendar on the ground that it was no longer at issue. This motion was denied, and before the order denying it was entered the defendants served a demurrer to the amended complaint, which, however, was returned by the plaintiff. The present appeal is from the order denying defendants' motion to strike the cause from the trial calendar.

[1, 2] The question is whether or not the defendants had, under the circumstances, a right to demand 20 days after a substantial amendment of the complaint within which to plead or demur. We think that they undoubtedly had such right. In the first place the amendment of the complaint was one which the trial court had, at the time, no power to grant. It is now strenuously urged by plaintiff that no amendment was necessary to perfect the complaint. That question is not properly before us, especially since the contract sued upon is not in the record.

[3, 4] But, apart from that, the trial court was of opinion that the complaint was imperfect and insufficient without amendment, and plaintiff acquiesced in the court's view, and asked leave to amend. If under the terms of the contract there was something to be done by plaintiff before defendants' obligation to do anything arose, it is clear that an allegation of due performance by plaintiff was essential, and defendants had, from the beginning of the trial, insisted that the complaint was insufficient for lack of such an allegation. The court persistently overruled the objections, and admitted evidence, under exception, tending to show that performance on plaintiff's part, which it had omitted to allege. After this it was too late to cure the error by permitting plaintiff to so amend his complaint as to render the evidence admissible.

"It is a rule superior to the exercise of discretion that a party shall not be thus allowed to have his pleading amended when the result will be to deprive his adversary of a valid objection to the admission of evidence under the pleading as it stood before amendment." Molloy v. Village of Briarcliff Manor, 217 N. Y. 577–581, 112 N. E. 429, 430.

When the amendment was allowed and actually made, and the amended complaint served on defendants, the trial should have ended, and the defendants, by proceeding under strong pressure from the court, cannot be held to have waived any rights.

[5, 6] After the complaint had been thus formally amended and served, it superseded the original complaint, and became the only complaint in the case. Penninam v. Fuller & Warren Co., 133 N. Y. 442–444, 31 N. E. 318; Brooks Bros. v. Tiffany, 117 App. Div. 470, 102 N. Y. Supp. 626; Lewis v. Pollack, 85 App. Div. 577, 83 N. Y. Supp. 287. With the original complaint fell also the original answer to it. The defendants were clearly entitled to a full 20 days within which to answer or demur to the new complaint. Such is the mandate of Code of Civil Procedure, § 520, and so it had been repeatedly held. In Hayes v. Kerr, 39 App. Div. 529, 57 N. Y. Supp. 323, wherein the court had attempted to restrict to 10 days the defendants' time to answer an amended complaint, this court said:

"The defendant is entitled to 20 days in which to serve his answer, and the court had no power to abridge the time."

The question has been very recently passed upon in this court in Tatum v. Farson, 167 App. Div. 581–585, 152 N. Y. Supp. 817. In that case this court said:

"Where, however, a plaintiff deems it necessary to apply for and obtain leave thus materially to amend his pleading, he cannot insist, and the court may not require, that the defendant be confined to answering the amended pleading [citing cases]. Aside from any question of power on the part of the court by virtue of the provisions of section 723 of the Code of Civil Procedure, or otherwise, the defendant, where the amendment is more than formal and presents a new issue, should be accorded the same unrestricted right to move or plead as he had when the original pleading was served. No burden or restriction should be imposed upon one party as a condition of granting a favor to the adverse party."

[7] Many other cases might be cited to the same effect. Of course, as pointed out by Mr. Justice Laughlin in Tatum v. Farson, supra, this rule is not applicable to a case where the amendment is merely formal and does not go to the merits of the action. Kyle v. City of New York, 155 App. Div. 401, 139 N. Y. Supp. 1080. Prior to 1900 the amendment of a pleading necessarily and automatically destroyed the efficacy of the notice of trial and note of issue that had previously been served and filed, so that the cause fell from the trial calendar and must be renoticed. In that year, however, the power was given to the court, in permitting an amendment of a pleading, to direct that it retain its place on the calendar. No such order was made in the case at bar, and, if it had been, it could not have restricted the defendants' right to answer or demur to the amended complaint, and, when they elected to demur, the propriety of striking the cause from the trial calendar became apparent.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted. Order filed. All concur.