HELEN B. MILLARD and Another, Respondents, *v.* DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant, Impleaded with JAMES W. JOHNSON and Others, as Committee, etc., of FREDERICK STANLEY BENNETT, an Incompetent Person, Defendants.

Third Department, January 10, 1923.

Appeal — appeal by defendant from order granting its motion in part directing service of amended complaint — appeal dismissed where amended complaint served and accepted before order was served on defendant — amended complaint superseded original complaint — specific grounds for dismissal of appeal need not be stated in notice of motion — Rules of Civil Practice, rule 62, not applicable — Appellate Division cannot make order affecting amended complaint and will not test sufficiency thereof.

An appeal from an order granting defendant's motion, in part, directing the service of an amended complaint which would separately state the causes of action, will be dismissed on motion by the plaintiffs, where it appears that before a copy of the order was served upon the defendant and before an appeal was taken therefrom the plaintiffs served an amended complaint upon the defendant in conformity with the demand made by the defendant upon its motion, and that the amended complaint was not returned nor was any motion made to strike it out, for no real controversy is presented on the appeal and the court is not called upon to decide the abstract question.

The amended complaint having been properly served superseded the original complaint, and the latter thereafter had no existence as a pleading.

Rule 62 of the Rules of Civil Practice does not apply to a motion to dismiss an appeal, and the plaintiffs were not required to state in their notice of motion the specific grounds on which the motion was to be made, and, furthermore, the notice of motion was sufficiently broad to cover the ground of the decision by the Appellate Division.

The Appellate Division cannot make any order affecting the amended complaint, which is now the only complaint in the action, since it is not a part of the record on appeal and no motion has ever been made concerning it.

Any recitals in the order directing the service of the amended complaint or in the opinion of the court at Special Term cannot affect the amended complaint, for those recitals applied solely to the original complaint which no longer exists.

The Appellate Division will not pass upon the sufficiency of the amended complaint, since no motion to test the form or sufficiency thereof has been made at the Special Term, and it is presented to the Appellate Division solely upon the motion to dismiss the appeal.

APPEAL by the defendant, Delaware, Lackawanna and Western Railroad Company, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome on the 9th day of August, 1922, in so far as it denies its motion for an order directing the plaintiffs to serve

an amended complaint separately stating and numbering their causes of action.

Also motion by the plaintiffs to dismiss the appeal.

*Stanchfield, Collin, Lovell & Sayles* [*Frederick Collin* of counsel], for the appellant.

*Collin, Wells & Hughes* and *Rollin W. Meeker* [*Charles A. Collin* of counsel], for the respondents.

VAN KIRK, J.:

In this opinion we shall speak of the defendant, appellant, as the defendant.

Two leases of coal lands, with rights to take the coal, are involved in this action. A complaint was served, in which two causes of action were stated, one under each lease. The defendant applied to the Special Term for an order that plaintiffs be required to serve an amended complaint wherein they shall state separately, and number their statements of facts constituting, each cause of action, claiming that in each cause of action as stated there were in fact four separate causes of action. The court made an order directing the plaintiffs within thirty days to serve an amended complaint, stating separately two causes of action, one under each cause of action as stated in the original complaint, and otherwise denied the motion. The defendant appeals from the part of this order denying the motion but not from that part of the order which granted in part the motion. A copy of this order was served upon the defendant September 25, 1922. An amended complaint was served upon the defendant before this order was served and, of course, before the appeal from this order was taken. In this amended complaint each cause of action stated in the original complaint is separated into four separate causes of action, plaintiffs' attorney claiming that it has in good faith attempted therein to separately state the causes of action as demanded by the defendant upon its motion.

Plaintiffs move for a dismissal of the appeal, basing their motion upon the printed papers herein and an affidavit showing that the amended complaint, a copy of which is attached to and made a part of the affidavit, was served on defendant's attorneys September 15, 1922. There is no answering affidavit. The amended complaint has not been returned, nor has any motion to strike it out been made. When upon the argument inquiry was made from the attorneys for the parties, it was conceded that the defendant had accepted service of this pleading and it was stated that there was a stipulation in some form giving to defendant the right to demur or make such motion as to this pleading as it might be advised

after the determination of the appeal, but this did not include the right to return the amended complaint, or to move to strike it out as improperly served. If for any reason this amended complaint was improperly served, the defendant could have returned it, with notice of the reasons for so returning it, or could have made a motion to strike out the pleading; there being no affidavit informing us of such action, taken or contemplated, we must assume the amended complaint is properly served. " Where an amended pleading is served, it takes the place of the original pleading and the action proceeds as though the original pleading had never been served. Such original pleading, under such circumstances, forms no part of the record and does not set forth the issues which are involved." (*New York Wire Co.* v. *Westinghouse Co.*, 85 Hun, 269.) While for certain purposes the original complaint may be received in evidence (*Fogg* v. *Edwards*, 20 Hun, 90), as a pleading it has no existence. This appeal involves solely the original complaint, which no longer exists. No controversy presented on the appeal exists. The court is not called upon to decide the abstract question. (*Delavan* v. *N. Y., N. H. & H. R. R. Co.*, 216 N. Y. 359; *Matter of Norton*, 158 id. 130.)

The appellant reminds the court by letter that the motion to dismiss was based upon one ground only, namely, that the amended complaint meets all the demands of the motion on which the order appealed from was based and, therefore, the questions raised by said appeal have become academic; and urges that the respondents having stated, as the law compelled, a specific and exclusive ground on which the motion was to be made, cannot on the argument present to the court an additional and different ground. We know of but one rule which requires a party in a notice of motion to state the specific grounds on which it is made, and that is rule 62 of the Rules of Civil Practice, which does not apply to this case; and we think the very distinguished attorney for the defendant puts too narrow a construction upon the grounds stated in the notice of motion, which includes the expression " that therefore the questions raised by this appeal have become academic." The ground of our decision is properly before us.

Since this amended complaint is now the only complaint in the action; since it is not a part of the record on appeal and no motion has ever been made to strike it out, nor has any other motion been made concerning it, this court on this appeal can make no order that would in any wise affect it. If the court should hear this appeal upon its merits and reverse in whole or in part the order so far as appealed from, its decision would in no wise affect the rights of the plaintiffs under their amended complaint; its order would be

futile because the amended complaint would still be the only complaint in the action; we could not on this appeal strike it out.

It is further urged upon the court that there are matters in the recital in the order, or in the opinion of the court at Special Term, which might be prejudicial to the defendant if that order were allowed to stand. Whatever is recited in the order and whatever comment or opinion was expressed by the court applied solely to a pleading which now does not exist and disappeared with the departed pleading.

A request was made upon the argument that the court should pass upon the sufficiency of the amended complaint. This is a document which, with the exhibits attached, covers some eighty-five printed pages. No motion to test the form or sufficiency of this amended complaint has been made at the Special Term and it is presented to this court solely upon the motion to dismiss the appeal here. The attorney for the appellant has not discussed this amended complaint before the court, either orally or in his brief. We think it inappropriate to express our views upon it.

The motion to dismiss the appeal should be granted, with costs and disbursements.

H. T. KELLOGG, Acting P. J., KILEY, HINMAN and HASBROUCK, JJ., concur.

Motion to dismiss appeal granted, with ten dollars costs and disbursements.