## GOLDSTONE v. PAYNE.
### No. 207.

Circuit Court of Appeals, Second Circuit.
Feb. 14, 1938.

MANTON, Circuit Judge, dissenting.

De Forest, Cullom & Elder, of New York City (Neil P. Cullom and Henry W. Steingarten, both of New York City, of counsel), for appellant.

Schenker & Schenker, of New York City (Benjamin Schenker, of New York City, John J. Francis, of Newark, N. J., and Irving Schiller, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This appeal raises a single question, namely, whether the District Court had jurisdiction to enter the judgment appealed from. The plaintiff is a resident of Idaho, the defendant a resident of New York, and the action is upon a promissory note for $5,000, dated July 23, 1929, and payable on demand to the order of the payee, by whom it was assigned to the plaintiff for some $2,000 in December, 1929. When the note was executed and when this action was commenced in June, 1935, both the maker and the payee were residents of New York. Thus the action fell squarely within the "assignee clause" [1] of section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), and the District Court was without jurisdiction to entertain it. Parker v. Ormsby, 141 U.S. 81, 11 S.Ct. 912, 35 L.Ed. 654; see also, Judicial Code § 37, 28 U.S.C.A. § 80. But, the jurisdictional defect having been overlooked, issues were framed by the pleadings and the case went to trial, resulting in a verdict for the plaintiff in the sum of $2,625, plus interest from the date of suit. The defendant then moved for dismissal for lack of jurisdiction. This motion was overruled on the ground that the court had acquired jurisdiction by virtue of a counterclaim pleaded by the defendant.

The defendant's original answer to the amended complaint set up as a first "defense, counterclaim and set-off" that the note was void for usury, and prayed judgment against the plaintiff for $2,375, the aggregate of sums alleged to have been paid by the defendant to the plaintiff's assignor on account of the note in ignorance of its invalidity. By an amended answer the defendant repeated the allegations of its first "defense, counterclaim and set-off" and added a second, which alleged a breach of contract by the plaintiff's assignor in failing to pay the purchase price of stock which he had agreed to buy from the defendant for $3,000 as part of the transaction pursuant to which the note in suit was given. The amended answer contained no prayer for affirmative judgment against the plaintiff.

The amended answer superseded the original answer and thus took out of the pleadings any prayer by the defendant for an affirmative judgment. Millard v. Delaware, L. & W. R. Co., 204 App.Div. 80, 197 N.Y.S. 747; New York Wire Co. v. Westinghouse Co., 85 Hun 269, 32 N.Y.S. 1127. Hence the defendant's counterclaims assert simply by way of recoupment to defeat recovery by the plaintiff (1) payment of $2,375 to the plaintiff's assignor on account of the note, and (2) a breach of contract by the plaintiff's assignor to the damage of the defendant in the sum of $3,000. It is urged, however, that withdrawal of the affirmative prayer of the original answer could not divest the District Court of jurisdiction because of the doctrine that, the jurisdiction of a federal court having once attached, no subsequent event may divest it. The cases enunciating this doctrine are readily distinguishable. In Kirby v. American Soda Fountain Co., 194 U.S. 141, 24 S.Ct. 619, 48 L.Ed. 911; Kanouse v. Martin, 15 How. 198, 14 L.Ed. 660, and Roberts v. Nelson, 20 Fed.Cas. p. 900, No. 11,907, C.C., S.D.N.Y., it was held that, after motion to remove to the appropriate federal court, the complaint could not be amended to reduce the amount claimed below the requisite jurisdictional sum, nor withdrawn so as to thwart jurisdiction. The doctrine is inapplicable to the present case, because jurisdiction of the counterclaim containing the affirmative prayer nev-

---

[1] "No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

er vested in the court since the recovery sought was less than the jurisdictional amount. Even so, the plaintiff asserts, relying upon Merchants Heat & Light Co. v. Clow & Sons, 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488, a demand in recoupment is recognized as a cross-demand, the pleading of which invokes the jurisdiction of the court in the defendant's behalf. In that case it was held that by pleading in recoupment the defendant waived any defect in the service of process upon it. This decision is plainly' inapplicable to the facts at bar. Where a court has jurisdiction over the subject matter of an action, a defendant may submit himself to the court and thereby confer upon it jurisdiction over his person. But, where the court lacks jurisdiction over the subject matter of a case, the defect is not cured by getting personal jurisdiction of the defendant. Such a want of jurisdiction cannot be waived by pleading or any other form of consent—not even by going to trial. Mexican National Railroad Co. v. Davidson, 157 U.S. 201, 15 S.Ct. 563, 39 L.Ed. 672; Home Ins. Co. v. Sipp, 3 Cir., 11 F.2d 474; United States v. New York & O. S. S. Co., 2 Cir., 216 F. 61, 67.

■ The appellee relies also upon two decisions of this court. The first, O. J. Lewis Mercantile Co. v. Klepner, 2 Cir., 176 F. 343, at page 346, certiorari denied 216 U.S. 620, 30 S.Ct. 575, 54 L.Ed. 641, cites Merchants Co. v. Clow & Sons, supra, for the following statement: "Again, the defendant interposed a counterclaim and, having invoked the jurisdiction of the court for its own benefit, is now estopped from denying it." If this be construed as meaning that a defendant by filing a counterclaim can give a court jurisdiction of a case over which a statute denies it jurisdiction, the statement is certainly not supported by the authority cited and must be deemed erroneous, as Judge Wooley demonstrated in Home Ins. Co. v. Sipp, 3 Cir., 11 F.2d 474, at page 476.

The other decision of this court upon which the plaintiff places great reliance is Ginsburg v. Pacific Mutual Life Ins. Co., 2 Cir., 69 F.2d 97. That was an appeal from a dismissal on the ground that the complaint disclosed that the controversy involved less than the jurisdictional amount. In a per curiam opinion we said that it was unnecessary to consider the jurisdictional controversy as to the amount sued for by the plaintiff because the counterclaim established the jurisdiction of the district court.

The only authorities cited were Merchants Co. v. Clow & Sons, supra, and the Klepner Case, supra. The statement would appear to be a dictum, for the opinion had previously stated that the complaint set forth three causes of action, one of which claimed damages of more than $25,000. But, assuming it to be true that, where the requisite diversity of citizenship appears between the parties and the amount in controversy on the counterclaim is more than $3,000, a complaint seeking recovery of less than that amount will not be dismissed, that principle does not control the case at bar.

■ While there was diversity of citizenship between the plaintiff and the defendant, there was none between the defendant and the plaintiff's assignor against whom alone the defendant alleged affirmative causes of action. Nothing was pleaded in the counterclaims to indicate liability on the part of the plaintiff to pay to the defendant the $2,375 received by the plaintiff's assignor on account of the note, or to make good the assignor's failure to purchase the stock. We are unable to find allegations in the counterclaims sufficient to support federal jurisdiction over them. Where a court has jurisdiction of the original suit, a cross-complaint or counterclaim is treated as ancillary, and the court will entertain the ancillary suit, although it could not have entertained it as an independent suit. In Brooks v. Laurent, 5 Cir., 98 F. 647, 652, this principle was applied with respect to the "assignee clause" of section 24 of the Judicial Code. But plainly, when jurisdiction is lacking over the primary suit, the defect cannot be cured by a counterclaim of which the court also lacks jurisdiction.

■ Moreover, even if, contrary to our view, it be assumed that the court had jurisdiction of the counterclaim, we do not think that this would support jurisdiction over the primary suit, which the statute expressly forbids it to entertain when there is no diversity of citizenship between the maker of the note and the plaintiff's assignor. The argument of hardship is pressed upon us; but it is a hardship for which the plaintiff seems to be at least as responsible as the defendant, since she chose the forum. However that may be, considerations of hardship can play no part in the decision where the court clearly lacks jurisdiction.

The appellee's argument that the assignee clause does not apply to a holder in due course was satisfactorily answered by

the court below, and is here mentioned merely to indicate that it has not been overlooked.

The judgment must be reversed and the cause remanded for dismissal for want of jurisdiction. It is so ordered.

MANTON, Circuit Judge, dissents.