**BATOR v. HUNGARIAN COMMERCIAL BANK OF PEST.**

Civ. Nos. 49–471, 56–357.

United States District Court
S. D. New York.

May 12, 1950.

Wachtell, Manheim & Grouf, New York City, Harold Manheim, Abbott Gould, Meyer Grouf, New York City, for plaintiff.

Wolf, Popper, Ross & Wolf, New York City, Benedict Wolf, Howard N. Meyer, New York City for defendant.

McGOHEY, District Judge.

In June, 1948, plaintiff, a citizen of the United States, commenced an action in the New York Supreme Court against the defendant, a Hungarian bank, on an employment contract for salary and pension payments then due, and for a share of profits. In January, 1949, plaintiff brought a second action against the same defendant in the same court for the present value of future pension payments due under the contract and for living and other expenses due thereunder. The defendant removed the second action to this court in March, 1949.

Plaintiff thereafter moved in the New York court to amend his complaint in the first action, and in February, 1950, served an "amended and supplemental complaint" which included the causes of action alleged in the removed action then pending in this court. The effect of this maneuver was, of course, to circumvent the removal of the second action from the New York court.

In March, 1950, the defendant moved here to enjoin the plaintiff from prosecuting the first action insofar as it duplicated the issues in the removed action pending here. The plaintiff at the same time moved for an order dismissing without prejudice the removed action.

While these motions were pending decision, after argument, defendant removed the first action to this court and plaintiff's motion for its remand to the New York court was referred to me by consent and has been considered.

With regard to the motion to remand the first action, plaintiff's position, briefly stated, is that the removal from the state court was not timely made since it occurred some twenty-one months after the action was commenced. Defendant replies that service of the "amended and supplemental" complaint gave rise to a new right to remove.

The New York Civil Practice Act does not contemplate an "amended and supplemental complaint" (3 Carmody's N.Y. Practice [2d Ed.] 2521), and so resort must be had to the cases to determine the effect of such a pleading. An amended complaint alleges facts existing at the time the action was commenced; a supplemental complaint alleges facts which have arisen or have been discovered after pleading. 3 Carmody's N.Y. Practice [2d Ed.] 2520. "An amended complaint supersedes the original complaint. A supplemental complaint ordinarily does not supersede an original or amended complaint; it only adds to such a pleading and is to be read with it." Watson v. Consolidated Laundries Corporation, 235 App.Div. 234, 236, 256 N.Y.S. 891. 893.

In New York an "amended and supplemental complaint" is held to supersede the original complaint. Sayer v. Beirne, 78 App.Div. 491, 79 N.Y.S. 696. It is, in other words, regarded as if it were an amended complaint, and such a complaint renders the original a nullity and the action proceeds as if it had never existed. Penniman v. Fuller & Warren Co., 133 N.Y. 442, 31 N.E. 318; New York I. Wire Co. v. Westinghouse E. & M. Co., 85 Hun 269, 32 N.Y.S. 1127; Lewis v. Pollack, 85 App.Div. 577, 83 N.Y.S. 287; Brooks Bros. v. Tiffany, 117 App.Div. 470, 102 N.Y.S. 626; Branower & Son, Inc., v. Waldes, 173 App.Div. 676, 160 N.Y.S. 168; Millard v. Delaware, L. & W. R. Co., 204 App.Div. 80, 197 N.Y.S. 747; Maytham v. Parker, 81 Misc. 400, 142 N.Y.S. 582.

"* * * Where an amendment makes a substantially new complaint, the time to remove dates from the time of the service and filing of the amendment."

Baron v. Brown, S.D.N.Y., 83 F.Supp. 520, 521. The "amended and supplemental" complaint here involved asserts a right to recover the capitalized value of future pension payments. This is a matter which is not included in the original complaint and which is not provided for in the alleged contract of employment. The alleged contract provides for the periodic payment of pensions for the life of the plaintiff and his widow. Manifestly there is a fundamental difference between a claim under the contract and one which maintains that there is a right to a lump sum payment in lieu thereof. Establishment of such a right apparently depends on the provisions of Hungarian law rather than the terms of the alleged contract. The removal, therefore, was timely made since it followed the service of "a substantially new complaint." Under the circumstances here presented it does not appear that the case was removed improvidently and without jurisdiction. Accordingly, the motion to remand is denied.

Upon argument counsel for each side agreed that if remand were denied they would stipulate to withdraw the motions pending in the second action to enjoin and to dismiss without prejudice. Plaintiff's attorney further agreed to consent to defendant's pending motion to consolidate, which has been adjourned on the calendar pending this decision. It appeared, therefore, that this decision would end the procedural maneuvering and the way would be cleared for determination of the controversy on the merits. Thereafter, the plaintiff's counsel addressed a letter to the court, with a copy to defendant's counsel, withdrawing from the foregoing stipulation and advising the court that appeal would be taken from a denial of this motion to remand. Accordingly, it is necessary to dispose of the two remaining motions. The defendant's motion to enjoin the plaintiff from prosecuting the first action in the State Court is rendered moot by this decision denying remand.

To permit plaintiff to dismiss his "second action" which is now here, would only open up a new cycle of manuevering. The

entire litigation is now in this court. It should be brought to trial without further time-wasting preliminaries. The plaintiff's motion to dismiss without prejudice is therefore denied.

Submit order.