CORN EXCHANGE BANK TRUST COMPANY, Plaintiff, *v.* EMERLINA PASTORE et al., Defendants.

City Court of the City of New York, Special Term, New York County, January 14, 1953.

*Irving M. Berry* for defendants.

*John J. Sullivan* for plaintiff.

McGIVERN, J. The defendants move to vacate a warrant of attachment upon the ground that the complaint contains two causes of action, to one of which the provisional remedy of attachment is not appropriate.

The first count of the complaint states a cause of action upon an implied contract and with sufficient facts to warrant the inference that the defendants have "been guilty of a fraud in * * * incurring the liability" (Civ. Prac. Act, § 903, subd. 6). The second count is predicated upon an alleged conversion and thus does not support a warrant of attachment, being wholly without the purview of section 903 of the Civil Practice Act. The question thus presented is whether the warrant of attachment may stand. Obviously, the plaintiff will not be permitted to retain the second count, in conversion and at the same time to rest upon the warrant of attachment which it has obtained under the first alleged cause of action (*Brown* v. *Chaminade Velours,* 176 Misc. 238, affd. 261 App. Div. 1071). It may eventuate that plaintiff will recover only under the second count and then collect the judgment out of the attached property. It is not the purpose of the provisional remedy of attachment to hold property intact for plaintiff, until judgment, even though the judgment be based upon a cause of action which does not support a warrant of attachment.

In *Brown* (*supra*) it was held that the joinder in the same complaint of a cause of action under which an attachment could properly issue with one which did not support this provisional remedy rendered the warrant of attachment jurisdictionally defective, but this conclusion, in the *Brown* case, was predicated upon the fact that the affidavit upon which the attachment was based specifically made the complaint a part thereof. If such were not the case, it was said by way of dictum, the defect would not then have been jurisdictional, as the complaint could have been disregarded.

I think the dictum is sound. In *Lewis* v. *Pollack* (85 App. Div. 577, 580), an order of arrest was granted upon the basis of a complaint and affidavits. The complaint contained two causes of action, one in tort and another in contract. No order of arrest could properly have been granted under the cause of action in contract. The affidavits upon which the order was obtained made no reference to the contractual count. The court held that the order of arrest would not be vacated because the plaintiffs served an amended complaint omitting the cause of action in contract, saying, " The service of such pleading operated in law to supersede the old pleading, and the action was thereafter to be treated as though it had never been."

Thus, it appears that the case in hand is distinguishable from *Brown* (*supra*) in that the affidavit upon which the warrant of attachment was based made no reference to the complaint;

and under the authority of *Lewis* (*supra*) the attachment may stand if the plaintiff will eliminate the second cause of action.

Accordingly, the motion to vacate the warrant of attachment is granted unless within five days from the date of this memorandum the plaintiff files a consent to the elimination of the second count of the complaint and to the deletion from the complaint of paragraphs nine to eleven, inclusive, and that the second count be deemed discontinued without prejudice to the institution of a separate action in conversion after the conclusion of the present action. If such a consent is not filed in the office of the clerk of this court within the time above prescribed, an order may be submitted on notice vacating the warrant of attachment. If the consent is filed in due and proper form, an order may be submitted on notice denying the application to vacate the warrant of attachment.